## THE STATE VS. ALFORD.

The presumption of slavery which attaches to the negro race in a suit for freedom, does not exist in a criminal proceeding where different grades of punishment attach to the offence charged, according as the criminal may be a free man or a slave.

In order to justify sentence against a negro as a slave in cases in which the law makes a distinction as to punishment, it is essential that the indictment should so describe him, and the proof conform to the allegation.

*Error to Hempstead Circuit' Court.*

Hon. LEM. B. GREEN, Circuit Judge.

HOLLOWELL, Attorney General, for the State.

A verdict which superadds to a correct finding upon the offence charged a qualification not known to the law is not void: the qualification may be disregarded and sentence passed upon so much of the verdict as is good. 1 *Ch. Cr. Law* 648 *note* 1.

Matters of form may be corrected even in a capital case to

fulfill the intention of the jury.   1 *Ch. Cr. Law* 646; 23 *Pick.* 405.


EAKIN, for defendant.

Describing a party in an indictment as a negro, does not raise the presumption that he was a slave.

When a party has been once indicted for murder and convicted of murder in the 2d degree, and a new trial granted, he cannot be convicted of a higher offence on the second trial than of murder in the 2d degree—the acquittal of the higher offence on the first trial not being set aside by a new trial granted even on his own motion.   9 *Yerger* 333; 6 *Humph.* 410.


Mr. Justice FAIRCHILD delivered the opinion of the Court.

In December 1859, the defendant was put upon his last trial, on an indictment for murder.   He is described in the indictment as Alford, a negro, and no testimony was adduced upon the trial that he was a slave.   In some of the orders of the court, as in papers that were filed on the part of the State, and on the part of the defendant, he is denominated Alford, a slave. And in his motion for a new trial, after the first conviction, which was of murder in the second degree, it is objected that the verdict was illegal, as the law recognizes no degrees of murder when committed by a slave.   After the verdict in the last trial, which was that defendant was guilty of murder in the second degree, and was assessed to punishment by service in the penitentiary for eighteen years, and before sentence was passed, the State moved that sentence of death should be pronounced upon the defendant, as upon a general verdict of guilty, upon the ground that the jury could not find the defendant guilty of murder in the second degree, and could not assess his punishment to confinement in the penitentiary as he was a negro, and not shown to be a free person of color.

In *Daniel vs. Guy.* 19 *Ark.* 134, this court held, that in a suit for freedom by one of the negro race, he is presumed to be a slave, slavery being the general condition of the race in this

State. But in suits for freedom, the condition of slavery is that to which the plaintiff is admitted and assumed to belong, and which is the foundation of the suit. The case is far different, when the condition of slavery is a fact to be ascertained, in order to define the crime with which a person is charged, or to determine the punishment to be affixed to the commission of crime, according as the criminal may be a freeman, or a slave. We know that free persons of color, as well as slaves, are regarded by the law as liable to commit crime, and are punishable for trespasses and felonies, as white persons are, *Part XI, Sec.* 1, *Ch.* 51, *Gould's Dig.*; while slaves are subject to punishment only upon a code expressly enacted for them, and adapted to their condition, *Part XII, Ch.* 51, *Gould's Dig.* And when the law provides that free negroes and slaves are both indictable for crimes, and are both to be prosecuted by the same rules of procedure, but subject to *different punishments* for the commission of the same offence, it is an essential part of a case against a slave, that allegation and proof of his condition shall be made, that, upon conviction, a slave may be dealt with according to the law providing for the punishment of slaves.

We cannot know from any thing in this case alleged or proven against the defendant, that he is a slave. We must take notice of the law that slaves are excepted out of the provisions of the penitentiary code, and to suppose that the circuit court would consign a slave to punishment in the penitentiary, would be acting against a much stronger presumption than that which, in a case involving the life of a human being, would presume slavery from color.

We do not wish to be understood as implying that the Circuit Court could deal with a defendant as a slave, unless he was made to appear as such to it, by allegation and proof.

The defendant has been three times tried, having succeeded in obtaining two new trials. Upon the first trial he was convicted of murder in the second degree. It was contended by his counsel and ruled by the court, on his new trial, that having

been convicted of murder in the second degree upon a former trial, he was thereby discharged from the accusation of murder in the first degree.    This with the accordant ruling of the court in refusing to pass sentence of death upon the defendant, on motion of the State, is the ground on which the State has sued out this writ of error.

The important legal principle involved in this subject, is the main matter of discussion by counsel, from whose decision we are glad to be relieved.

This case does not fall within the principle of the *State vs. Jones*, decided at the present term, it not being an acquittal, or one that cannot affect the defendant; though we do not wish to be understood as affirming or denying the right of the State to an appeal, notwithstanding the statutes referred to in the *State vs. Jones*, and the case of the *State vs. Hicklin*, 5 *Ark.* 199.

Let the judgment be affirmed.

