## BRIGMAN v. CHENEY.

No. 1319.    Opinion Filed November 16, 1910.

1. **APPEAL AND ERROR—Appointment of Guardians—Discretion.** In the appointment of guardians, the county courts are vested with a sound legal discretion; and their judgments in such cases will not be overruled, unless it is apparent that there has been an abuse of such discretion.

2. **APPEAL AND ERROR—Briefs—Assignment of Error—Waiver.** Where plaintiff in error fails to set forth in his brief, as required by rule 25 (20 Okla. XIII), argument or citation of authorities in support of any assignment of error, it will be deemed, as to such assignment, that he has waived same.

(Syllabus by the Court.)

*Error from District Court, Kiowa County; James R. Tolbert, Judge.*

Petitions by Tula Brigman and Wesley Cheney for appointment as guardian of a minor. From an order appointing Cheney, Brigman brings error. Affirmed.

*George L. Zink* and *Joseph H. Cline,* for plaintiff in error. *Morse & Standeven,* for defendant in error.

HAYES, J. This proceeding presents a contest between plaintiff in error and defendant in error for appointment as guardian of an orphan minor. The minor is about four years old.

His father died February 16, 1909, and his mother died on the 5th day of the following July. On the 28th day of July, 1909, defendant in error filed his petition in the county court for appointment as guardian of the person and estate of the child. Upon the 2nd day of the following August, plaintiff in error filed her petition for the same appointment. The two petitions were set down for hearing and were heard by the county judge on the 6th day of the same month. After hearing the evidence in support of both petitions and of each applicant in opposition to the appointment of the other applicant, the court appointed defendant in error. From this order of the court, an appeal was taken by plaintiff in error to the district court, where there was a trial *de novo,* resulting in the same order as was made by the county court. Reversal of the judgment of the district court is here sought, upon the ground that it is not supported by the evidence. Section 1733 of Wilson's Revised & Annotated Statutes provides that an appeal may be taken to the district court from any judgment or decree or order of the probate court: "First. Granting or refusing or revoking letters testamentary or of administration or of guardianship." Appeals from the county court of the state in all cases arising under its probate jurisdiction may be taken from its judgment in the same manner as was provided by the laws of the territory of Oklahoma for appeals from probate courts to the district court. (Section 16, art. 7, Const.). Any party aggrieved may appeal, except where the decree or order of which he complains was rendered or made upon default. (Section 1794, Wilson's Rev. & Ann. Statutes.) Plaintiff in error is the maternal grandmother of the minor, and defendant in error is its paternal grandfather. Whether plaintiff in error has sufficient interest in the appointment of a guardian to entitle her to a right of appeal from the order appointing defendant in error, has not been questioned by defendant in error; and, assuming that she has the right to prosecute this appeal without deciding that question, we shall consider the case upon its merits, in so far as the same is properly presented by the record and briefs.

Section 1815 of Wilson's Revised & Annotated Statutes provides:

"If the minor is under the age of fourteen years, the probate judge may nominate and appoint his guardian; if he is above the age of fourteen years, he may nominate his own guardian, who if approved by the judge must be appointed accordingly. And the probate court, in appointing a guardian, is to be guided by the considerations named in the civil code."

Section 3818 provides that, in appointing a general guardian, the court or judge shall be guided by the following considerations: First. By what appears to be for the best interests of the child in respect to its temporal and its mental and moral welfare, and if the child be of sufficient age to form an intelligent preference, the court or judge may consider that preference in determining the question. Second. As between parents adversely claiming the custody or guardianship, neither parent is entitled to it as of right, but, other things being equal, if the child be of tender years, it should be given to the mother; if it be of an age to require education and preparation for labor or business, then to the father.

Section 3819 provides:

"Of two persons equally entitled to the custody in other respects, preference is to be given as follows: First. To a parent. Second. To one who was indicated by wishes of a deceased parent. Third. To one who already stands in the position of a trustee of a fund to be applied to the child's support. Fourth. To a relative."

It follows from the facts of this case that the appointing court was governed by the first consideration mentioned in section 3818. Said provision vests in the appointing court or judge a very large discretion in the selection and appointment of a guardian. The primary consideration, which outweighs all others, even when a parent is applying for appointment as guardian, is the best interest of the child; and, in protecting that best interest, the court may even refuse to appoint a parent. Where other things pertaining to the best interest of the child are equal, then, by section 3819, preference is to be given: First. To a par-

ent. Second. To one who was indicated by the wishes of a deceased parent. Third. By one who stands in the relation of trustee. Fourth. A relative. But the provisions of this last section have no application or controlling influence upon the appointing court or judge, when in the judgment of the court such an appointment would not be to the best interest of the child. The county judge must in the first instance judge of the fitness of the person proposed for appointment, his ability to discharge the duties of a guardian and to best protect and promote the interest and development of the child. This power carries with it a discretion with which an appellate court will not interfere, unless there has been a clear abuse of that discretion. In *Lewis v. Read,* 137 Cal. 682, there was an application by the father of a child and its grandmother for appointment as guardian. Their petitions were heard together and the grandmother's application granted. By the judge, in delivering the opinion of the court, it is said:

"The evidence has all been brought here upon a bill of exceptions, and after reading it the court is prepared to say that the order appointing the grandmother guardian of the person of the minor will not be reversed, upon the ground of lack of evidence to support it. The question as to which one of these two parties was the proper party to be appointed guardian over the person of this child was essentially a question of fact for the trial court, and that court having decided it, and there being substantial evidence to support that decision, this court will not interfere by setting aside the order for lack of evidence."

This language is in harmony with the decisions of all the courts construing and applying similar statutes. *In re Guardianship of Johnson,* 87 Iowa, 130; *Ohrns v. Woodward* (Mich.) 96 N. W. 950; *Sadler v. Rose,* 18 Ark. 600; *Nelson et al. v. Green,* 22 Ark. 386.

The child is the only son of an only son of defendant in error, who is sixty-three years of age, and whose family consists of himself, a wife and one grown daughter. Defendant in error has property of approximate value of from $30,000 to $40,000. He has a good residence, consisting of eight rooms, and expresses

Vol. 27—33.

a willingness and desire to care for the child at his own expense, and to administer the child's estate as its guardian without charge to its estate, which is of the value of from $6,000 to $8,000. He is admitted by plaintiff in error to be a competent and suitable person to act as guardian; and there is other evidence in the record showing that he and the members of his family are of high character, and that his home would afford a place of good moral and sanitary surroundings for the rearing of the child. He has reared three children and has educated all of them well, and is strongly attached to the child. On the other hand, there is nothing derogatory in the evidence to the good character and qualification of plaintiff in error to act as guardian. Her family consists of a husband and six children who are yet at home with her. She is industrious and has been a good mother to her own children. Her residence contains three rooms, and her husband has property of approximate value of from $3,000 to $4,000. She, likewise, manifests a willingness to keep and rear the child, without expense to its estate. We doubt not that the interest of each of the parties to this proceeding springs from that deep and sincere affection so often manifest in grandparents for their grandchildren, and particularly so when the grandchild has been visited with the misfortune of the loss of both parents, as the child in this case; but the appointing court cannot measure this affection of the respective parties or the pleasure that the presence of the child in their respective homes would afford to them and award the appointment upon such consideration alone. The primary interest to be conserved is that of the child. These parties with their witnesses have all been before two courts, in each of which there was a trial *de novo,* and these trials have afforded an excellent opportunity for the weighing of the evidence and a consideration by those courts of what will be for the best interests of the child; and it cannot be said, under the state of the record, that any abuse of discretion has been committed in the appointment made.

Plaintiff in error demanded a trial by jury, which was refused. Her counsel in their briefs state that an exception was taken to

this action of the court, and that such action is assigned as one of the errors for reversal of the cause. No citation of any statutory or constitutional provision is made granting such right, nor has any reference been made to any text or decided cases so holding; and no argument has been suggested to support this contention. Counsel have contented themselves with the mere statement that this class of cases are properly triable by jury. Rule 25 of this court (20 Okla. xiii) requires that the briefs of plaintiff in error shall contain the specifications of error complained of separately set forth and numbered and argument and authorities in support of each point relied upon; and where counsel fails, as to any specification of error in his petition, to observe this rule, such failure will be deemed a waiver of said assignment.

The judgment of the trial court is affirmed.

DUNN, C. J., and KANE and TURNER, JJ., concur; WILLIAMS, J., not participating.