## WEGNER v. MINCHEW.

No. 2600.   Opinion Filed April 15, 1913.

(131 Pac. 696.)

**APPEAL AND ERROR—Verdict—Evidence—Malicious Prosecution.**
Evidence examined, and held that, as the same reasonably tends to support the verdict, the judgment of the trial court will not be disturbed.

(Syllabus by the Court.)

*Error from Superior Court, Logan County;*
*J. M. Sandlin, Judge.*

Action by Henry Minchew against Herman Wegner. Judgment for plaintiff, and defendant brings error. Affirmed.

*Hepburn & Grantham,* for plaintiff in error.
*McGuire & Smith,* for defendant in error.

TURNER, J.   On November 6, 1909, in the superior court of Logan county, Henry Minchew, defendant in error, sued Herman Wegner, plaintiff in error, in damages for malicious prosecution. The petition substantially states that on September 3, 1909, within that county, the defendant maliciously, unlawfully, and without probable cause caused the arrest of plaintiff by filing before the county judge of that county an affidavit and information duly sworn to by him charging defendant with having within the county carried on or about his person a certain weapon called a revolver; that upon said charge so made, which was false, defendant unlaw-

fully and maliciously caused a warrant to issue by said county judge for the arrest of plaintiff, which was done without probable cause, and he was forcibly imprisoned and kept in the county jail of Logan county four days; that he was tried for said crime, at the end of which the court, on request of the county attorney, directed the jury to return a verdict of not guilty, which was done. By reason of all of which he says he was damaged in a sum certain, for which he prayed judgment.

For answer defendant pleaded a general denial, and specifically denied any malice towards plaintiff. For a second defense he pleaded that he had made a fair statement of the facts constituting the alleged offense to the county attorney of Logan county, and that the information and warrant resulting in the arrest complained of were issued upon that statement, that the same was made without malice, that the charge was true, and that defendant drew or attempted to draw said revolver on him. After reply denying that defendant sought the advice and counsel of the county attorney in good faith, or that he laid the facts before the county attorney, and charging that the statements to him were untrue and maliciously made, and that it was the false and malicious statements to the county attorney which induced him to issue the information, there was trial to a jury and verdict for plaintiff for $250, and defendant brings the case here.

The evidence reasonably tends to support the verdict. Plaintiff testified that he was living with his mother on his farm in that county, when about the latter part of August, 1909, defendant came on the place where plaintiff was working and had a conversation with him concerning the selling of some oats upon which it appears defendant had, or claimed to have, a mortgage; that he took possession of a scoop which plaintiff desired to use, and in the controversy used vulgar and indecent language in the presence of plaintiff's mother; that upon being commanded to desist and leave the place

plaintiff took the scoop and departed. He further testified that he did not have a revolver on that occasion, and did not own one, and made no demonstration toward putting his hand in his hip pocket. His mother testified that she was present on that occasion, and that plaintiff had lived with her all of his life, and did not have a revolver and never owned one; that she saw defendant drive up to the granary on that occasion to load oats, when her son told him not to do so, whereupon defendant used the vulgar language attributed to him by the son; that thereupon he was ordered off the place, as stated, and departed, after she had separated the men, with the scoop on his shoulder, averring that he would return and shoot plaintiff's heart out, and that during the altercation her son had no revolver. The brother-in-law of plaintiff also testified that he never saw him with a revolver, and to the best of his knowledge did not own one. Three other witnesses testified that plaintiff's reputation as a peaceable, law-abiding citizen was good. After defendant had testified, two of his neighbors testified that his reputation for truth and veracity in that vicinity was bad.

Upon the evidence, the jury found, in effect, that the charge was false, malicious, made without probable cause, and that defendant did not seek the advice and counsel of the county attorney in good faith, but that his statements to him were untrue and maliciously made.

There being evidence reasonably tending to support the verdict, the judgment will be sustained. Affirmed.

All the Justices concur.