**BRISTOW COTTON OIL CO. et al. v. HUBBELL, SLACK & CO.**

No. 12880—Opinion Filed Feb. 19, 1924.

1. Appeal and Error—Trial—Sufficiency of Preliminary Proof—Discretion of Court.

In the trial of a case in which one of the issues of fact involved is the grade and classification of certain baled cotton after shipment, the sufficiency of the preliminary proof as to the identity of the cotton at the point of destination and grading is within the sound judicial discretion of the trial court, and where there is any competent evidence which identifies the cotton, and no contrary proof is offered, the action of the trial court in holding such preliminary proof sufficient will not be disturbed in the absence of a showing that such discretion was abused.

2. Corporations — Liability of Director—Trustees of Dissolved Corporation—Sufficiency of Pleading and Evidence.

A general allegation in a petition against a dissolved corporation and its directors as trustees, under Comp. Stat. 1921, secs. 5361-62, that said trustees "are liable to said creditors to the extent of said corporation property which came into their hands," is sufficient as against a general demurrer, and where the evidence discloses that prior to dissolution all of the corporate property was conveyed to one of the directors for a stated consideration of $10,000, and after dissolution was conveyed to another of the directors, such evidence was sufficient to support a finding by the jury in favor of the plaintiff as to the personal liability of such directors.

(Syllabus by Logsdon, C.)

Commissioners' Opinion, Division No. 1.

Error from Superior Court, Creek County; Gaylord R. Wilcox, Judge.

Action by Hubbell, Slack & Company against Bristow Cotton Oil Company et al. for debt. Judgment for plaintiff in the sum of $755.97, to reverse which this proceeding in error was commenced. Affirmed.

During the cotton season of 1917 the Bristow Cotton Oil Company sold to Hubbell, Slack & Company, cotton buyers of Houston, Tex., various lists of cotton. These transactions were made by the exchange of telegrams between seller and purchaser and by confirmation sheets sent by the purchaser confirming the telegraphic trade. The cotton sold and shipped by Bristow Cotton Oil Company in these various transactions between the parties was American round bale cotton. Upon making each shipment the seller made a draft upon the purchaser for the cotton covered by that particular bill of lading, and these drafts were paid. At the close of the season the statements of these transactions made out by Hubbell, Slack & Company showed that the drafts honored by them had over-paid the Bristow Cotton Oil Company $755.97, and it demanded repayment of this amount. Thereupon controversies arose between the parties in reference to the weights and grades of the cotton so shipped. Negotiations to settle these disputes ensued, resulting in Hubbell, Slack & Company agreeing to have the cotton reweighed and graded by any person in Houston satisfactory to the Bristow Oil Company. Pursuant to this Mr. E. R. Morgan, a public weigher, of Houston, Tex., reweighed the cotton, and Mr. John Ellett, of Anderson, Clayton & Company, regraded the cotton. These negotiations and proceedings dragged along, and after the account was finally stated between the parties payment was refused and this action resulted. The original petition was filed March 25, 1920, and upon answer being filed by the defendant, Bristow Cotton Oil Company, showing a dissolution of the corporation by judgment of the district court of Creek county on June 28, 1919, an amended petition was filed making the officers and directors of the Bristow Cotton Oil Company parties defendant as trustees for the benefit of creditors, as provided by the laws of this state. Trial was had November 8, 1920, resulting in a verdict and judgment in favor of the plaintiff for the sum of $755.97. After unsuccessful motion for new trial, the defendants have brought the case here for review by petition in error with case-made attached. The parties will be hereafter referred to as plaintiff and defendants, respectively, as they appeared in the trial court.

Cheatham & Beaver, for plaintiffs in error.

Hunt & Eagleton, for defendant in error.

Opinion by LOGSDON, C. The first proposition presented by defendants in their brief is based upon the alleged error of the court in admitting the testimony of John Ellett which was given by deposition, it being contended that there was not sufficient identification of the cotton reclassed by him to authorize the admission of his testimony. It was shown by the testimony of Mr. Jenkins, secretary of Hubbell, Slack & Company, that the cotton which Mr. Ellett reclassed was the identical cotton purchased from Bristow Cotton Oil Company. Mr. Ellett testified that he found the cotton in the sheds of Hubbell, Slack & Company; that it was round bale cotton and that each bale was marked with the initials B. R. I. I. It cannot be said as a matter of law that this identification of the cotton was insufficient to admit the testimony of Mr. Ellett. Friedman & Co. v. State, 37 Okla. 164, 131 Pac. 529; Wegner v. Minchow, 38 Okla. 23, 131 Pac. 696; Charvoz v. New State Bank, 54 Okla. 255, 153 Pac. 849. For the defense, Joe Abraham, president of Bristow Cotton Oil Company, testified, and nowhere in his testimony is any question raised that the initials upon the round bales classified by Mr. Ellett were not the initials used by the Bristow Cotton Oil Company upon the round bale cotton shipped to Hubbell, Slack & Company. The first contention of defendant is therefore without merit.

Under the second proposition it is contended that the amended petition of the plaintiff was insufficient to show any liability on the part of the individual defendants as trustees of the assets of the Bristow Cotton Oil Company. This contention is based upon the fact that the amended petition does not allege the amount or value of the assets of the corporation which came into the hands of either of the individuals upon the dissolution of the corporation. The material allegation of the amended petition on this contention reads:

"That the defendant directors of said corporation upon the dissolution of the Bristow Cotton Oil Company became the trustees of said dissolved corporation for the benefit of the creditors and stockholders of said corporation, and are liable to said creditors to the extent of said corporation property which came into their hands. That they, and each of them, are indebted to this plaintiff as above set forth in the sum of $755.97, together with interest in the sum of 6 per cent. per annum from the 31st day of October, 1917."

In their answer to this amended petition defendants alleged in the third paragraph of the answer as follows:

"It is denied that defendants, Joe Abraham, Fannie Abraham, M. Morrison, Ellis Slyman and A. G. Richards, as trustees, stockholders, or officers of said corporation, received, or any money or property was paid to them or came into their hands upon the dissolution of said corporation as a part of the corporate funds or assets of said corporation, but the defendants and each of them allege that long prior to the dissolution said corporation the said corporation had ceased to function as a corporation, and had sold all of its corporate property."

The record shows, in reference to this contention, that on April 12, 1919, at a meeting of the board of directors of the Bristow Cotton Oil Company it was resolved that application should be made to the district court of Creek county for dissolution thereof; that at the same meeting it was further resolved that all real estate and other property of the corporation be immediately sold; that on same day the Bristow Cotton Oil Company sold its real estate and all other property belonging to it to Fannie Abraham, the wife of Joe Abraham, who was the president of the company, for a stated consideration of $10,000. Thereafter, on May 20, 1919, said directors filed their application in the district court for dissolution, alleging therein that the corporation had satisfied all claims and demands, and all debts, obligations, and liabilities outstanding. Thereafter, and on June 28, 1919, the decree of dissolution was entered based upon these allegations in the application. At the time of filing this application there was pending in the same court an action by this plaintiff upon this same claim, which was afterwards dismissed without prejudice, and the present action instituted. Subsequently Fannie Abraham conveyed this property to Joe Abraham. To hold that the plaintiff should be required to state what portion of the assets of the dissolved corporation inured to the benefit of either or all of the trustees would render it impossible in most cases for a plaintiff to state a cause of action against the trustees of a corporation after dissolution, especially where the assets of the corporation were disposed of before dissolution, and were passed from hand to hand as was done in this case. There is no merit, therefore, in this contention.

There are eight assignments of error in the petition in error, but only those above discussed are presented and argued in the brief of defendants, and under the well-es-

tablished rule of this court the other assignments of error are deemed to have been waived. Brigman v. Cheney, 27 Okla. 510, 112 Pac. 993; Steger Lumber Co. v. Haynes, 42 Okla. 716, 142 Pac. 1031.

Having carefully examined and considered the two propositions urged for a reversal in this case, and having reached the conclusion that neither possesses any merit in the light thrown on them by an examination of the record, it is recommended that the judgment of the trial court be in all things affirmed.

By the Court: It is so ordered.