N. L. GOULD, Frankie Gould and Newt D. Gould, Plaintiffs in Error,

v.

Arthur SMITH and May Smith, Defendants in Error.

No. 40867.

Supreme Court of Oklahoma.

July 6, 1965.

Shelby, Neptune & Connor, Bartlesville, Green & Whitaker, Eufaula, for plaintiffs in error.

Kenneth W. Lackey, Eufaula, for defendants in error.

PER CURIAM.

This is an appeal from a judgment of the district court which in effect reversed the order and decree of the county court appointing a paternal uncle as guardian of the persons and estates of three minor children following the deaths of their parents, and which remanded the cause to the county court with directions to appoint the maternal grandparents as guardians.

The maternal grandparents, Arthur Smith and May Smith, initiated this action by filing their petition in the County Court of McIntosh County on October 31, 1963, seeking their appointment therein as guardians of the persons and estates of Sandra Gould, Martin Gould and Michael D. Gould, then minors of the age of nine years, five years and two years, respectively. On November 12, 1963, the paternal grandparents, N. L. Gould and Frankie Gould, filed their petition (or response) in the county court, which in effect protested against the appointment of the maternal grandparents, and asked therein that the court appoint Dan Gould (Newt D. Gould), their son and a paternal uncle of said minors, as the children's guardian.

After a hearing on November 20, 1963, the county court appointed Newt D. Gould, the paternal uncle, as guardian of the persons and estates of the said minors. Upon appeal to the district court by the maternal grandparents upon questions of both law and fact and a trial de novo, that court entered its judgment on January 14, 1964, remanding the cause to the county court with directions to appoint the maternal grandparents as guardians of the persons and estates of the minors. From such judgment and the overruling of their motion for new trial, the paternal grandparents and paternal uncle appeal.

For reversal, plaintiffs in error advance four arguments in their brief, which may be summarized as follows: 1. In the absence of a showing of an abuse of discretion by the county court · in appointing the paternal uncle as guardian for the minors herein, the district court was without power to direct the appointment of the maternal grandparents as guardians. 2. That the district court abused its discretion in failing to determine that the paternal uncle was the proper person to be appointed as guardian of the said minors.

As to the first argument, it is contended in behalf of plaintiffs in error that the appointment of a guardian rested within the sound legal discretion of the county court; that on appeal from its order appointing the paternal uncle as guardian of the minors, the district court acquired appellate jurisdiction only; and that unless an abuse of such discretion appeared, the district .court was without power to disturb the county court's appointment. We think that counsel for plaintiffs in error are mistaken in their application of this rule to the trial in the district court.

By Section 12, Art. VII, of our Oklahoma Constitution, the county court, co-extensive with the county, is vested with original jurisdiction in all probate matters, while by Section 12, Art. VII, the county court is given the general jurisdiction of a probate court, including power to appoint guardians. By Section 16 of said Article and 58 O.S.1961, § 721, appeals in probate matters are to be from the judgment of the county court to the district court of the county where the same shall be tried de novo upon questions of both law and fact. 58 O.S.1961, § 735, provides:

"When the appeal is on questions of fact, or on questions of both law and fact, the trial in the district court must be de novo, and shall be conducted in the same manner as if the case and proceedings had lawfully originated in that court; and such appellate court has the same power to decide the questions of fact which the county court or judge had, * * *."

In re Standwaitie's Estate, 73 Okl. 255, 175 P. 542, 543, is in point here. There the guardian of an incompetent filed his motion in the county court to set aside and vacate an order of the county court confirming a sale of certain real estate in the plaintiff in error, and to order a resale thereof. The county court overruled the same, and the guardian took an appeal from such order upon questions of both law and fact to the district court. There the matter was tried de novo, and an order entered by the district court sustaining the guardian's motion and setting aside and vacating the confirmation. Plaintiff in error appealed and argued in

this Court that a motion to set aside a judicial sale was addressed to the sound judicial discretion of the county court, and, in the absence of any abuse of that discretion, the district court was without authority to interfere with the proceedings had in the county court. That the proceedings in the county court did not disclose an abuse of such discretion. In affirming the order of the district court, we said:

"* * * We think that counsel for plaintiff in error are mistaken in their application of this rule to the trial in the district court. The appeal taken from the order of the county court upon questions both of law and of fact, and lodged in the district court, vested jurisdiction in the district court to try the matter de novo, and hear and determine the same. The hearing in the district court was not a review of the proceedings in the county court to determine whether or not error of law had been committed by the county court in its hearing, but the matter was presented to the district court for trial and determination de novo. There is no doubt, however, that the rule insisted upon by plaintiff in error is applicable to us in our review of the order entered by the district court."

Plaintiffs in error cite Brigman v. Cheney, 27 Okl. 510, 112 P. 993; Parker et al. v. Lewis, 45 Okl. 807, 147 P. 310; and In re Fox' Estate (Warren v. Green), Okl., 365 P.2d 1002, as their authority for the first contention. They rely on the language used in the first paragraph of the syllabus in Brigman v. Cheney, supra, wherein we said:

"In the appointment of guardians, the county courts are vested with a sound legal discretion; and their judgments in such cases will not be overruled, unless it is apparent that there has been an abuse of such discretion."

In the Brigman case, supra, there was a contest between the maternal grandmother and the paternal grandfather for the appointment as guardian of an orphan minor. The county court appointed the paternal grandfather as guardian; and from this order of the county court, an appeal was taken by the maternal grandmother to the district court. The district court affirmed the judgment of the county court, and on appeal to this Court the judgment of the district court was affirmed. In that opinion, 112 P. at p. 995, we stated:

"* * * These parties with their witnesses have all been before two courts, in each of which there was a trial de novo, and these trials have afforded an excellent opportunity for the weighing of the evidence and a consideration by those courts of what will be for the best interests of the child, and it cannot be said under the state of the record that any abuse of discretion has been committed in the appointment made."

The quoted language used in the syllabus of the last cited case, when read in the light of the entire decision, must have had reference to the judgment of the county court as affirmed by the district court; and therefore, in no way supports the contention of plaintiffs in error. Smith v. Bruner's Guardianship, supra. Also see the third paragraph of the syllabus of In re Fox' Estate (Warren v. Green), supra.

Parker et al. v. Lewis, supra, cited by plaintiffs in error, also fails to support the argument, where we said 147 P. at p. 311:

"* * * A trial de novo has a well-defined and generally understood meaning, and does not contemplate the framing of new and different issues in the appellate court. In Ex parte Morales (Tex.Cr.App.) 53 S.W. 107, it was said that a trial de novo on appeal requires that appeals be tried upon the original papers and upon the same issues as had below, and that the term 'de novo' meant 'anew,' 'a second time,' * * *."

We conclude, therefore, that, upon an appeal from the county court to the

district court on questions of fact, such court has the power to decide all questions of fact that the county court or judge had, and on appeal from the judgment of the district court in such cases to this Court, we will review the evidence, but will not reverse the case, unless the judgment of the district court is contrary to the clear weight of the evidence. Brown v. Brown et al., Okl., 355 P.2d 1034.

As to the second proposition that the district court abused its discretion in failing to determine that the paternal uncle was the proper person to be appointed as guardian of the said minors, we think 30 O.S.1961, § 11, is controlling. It provides:

"In awarding the custody of a minor, or in appointing a general guardian, the court or judge is to be guided by the following considerations:

"1. By what appears to be for the best interests of the child in respect to its temporal and its mental and moral welfare; and if the child be of sufficient age to form an intelligent preference, the court or judge may consider that preference in determining the question."

In the first paragraph of the syllabus in In re Borcherding's Custody, 196 Okl. 19, 162 P.2d 184, this is said:

"Where the custody of a minor child was the issue contested in the trial court between paternal grandparents and maternal grandparents, and neither was found to be unfit for such custody, this court on appeal should review the whole record and determine which is apparently for the best interest of the minor child under all the facts and circumstances shown."

In the second paragraph of the syllabus in Bishop et ux. v. Benear, 132 Okl. 116, 270 P. 569, we held that:

"When resolving the question what will best subserve the interest and happiness of a child, its own wishes and choice may be considered and given weight, if it be of an age and capacity to form a rational judgment. The wishes of children of sufficient capacity should be given especial consideration when their parents have for a long time voluntarily allowed them to live in the family of another."

■■ It is our duty to review the record in this case and determine therefrom whether the best interests and welfare of the minors herein require that their guardianship should be awarded to the maternal grandparents, as directed by the district court, or to their paternal uncle as contended by plaintiffs in error.

We shall not attempt to set out the evidence presented to the district court in detail. However, the record reflects that the minors herein are the children of George L. Gould and his wife, Barbara L. Gould. That their father died August 19, 1963, and their mother died August 20, 1963, as the result of an automobile accident; and that the children have been in the custody of the maternal grandparents at Eufaula, Oklahoma, since the deaths of their parents, except for a period from November 20, 1963, to January 24, 1964, when the minors' custody was given to the paternal uncle by order of the county court.

The record further discloses that Arthur Smith was fifty-six years of age at the time of trial in the district court and his wife, May Smith, was fifty-four. They are in apparent good health. That during their lifetimes, George L. and Barbara L. Gould, with the children herein, frequently visited in the home of Arthur and May Smith. That prior to her parents' deaths, Sandra stayed with her maternal grandparents by herself for several weeks during two of her summer vacations from school; and that she and Martin visited with them for a time when Michael was born. It further appears that the maternal grandparents are very devoted to the children and that the said minors have a strong attachment for them.

Arthur Smith had been employed by the Dale Lumber Company in Eufaula for three

years prior to the trial, and his wife cared for a small child on weekdays, earning a combined income of approximately $290 per month. They have reared eight children, only one of whom (a seventeen year old daughter) was dependent upon them at the time of said trial. The maternal grandparents rent and maintain a three bedroom home at Eufaula, which is wholly comfortable. There is other evidence in the record that the maternal grandparents and members of their family are of high character, and that their home would afford a place of good moral and sanitary surroundings for the rearing of the children.

We are impressed with the testimony of Sandra. It was well demonstrated by her testimony that she possesses development and maturity far above her age. She has a definite preference to remain with her maternal grandparents.

On the other hand, there is nothing derogatory in the evidence as to the good character and qualification of the paternal uncle to act as guardian. He was thirty-seven years of age at the time of trial; his family consisted of a wife, thirty-six, and two boys, fourteen and sixteen, and a girl, twelve; and he owned a four bedroom home in Tahlequah, Oklahoma, subject to a mortgage. He was owner-manager of the Tahlequah Printing and Office Supply, subject to an indebtedness, and earning a gross income of approximately $9,000 per year. However, the minors herein had visited only infrequently in the home of the paternal uncle before the deaths of their parents, and were only in his custody for approximately two months following their deaths.

It is unnecessary to make a further review of the testimony as to the fitness of either the paternal uncle or maternal grandparents. So far as the record discloses either would be proper custodians of the minors. Plaintiffs in error admit in their brief that the maternal grandparents are competent and suitable persons to act as guardians, but argue the paternal uncle is better able to care for the children. Under the rules announced in the foregoing cases, after a review of all the evidence, the finding that it is for the best interests of the children that they be placed under the guardianship of the maternal grandparents will not be disturbed.

The judgment of the district court is affirmed.