262 P.3d 384 (2011)
2011 OK CIV APP 82
In The Matter of the GUARDIANSHIP OF V. Inez SONGER, an Incapacitated Person.
Jimmy Songer, Appellant,
v.
Steve Austin and Amber Austin, Appellees.
No. 109,000. Released for Publication by Order of the Court of Civil Appeals of Oklahoma, Division No. 1.
Court of Civil Appeals of Oklahoma, Division No. 1.
May 13, 2011.
Ted Neal Pool, Raymond A. Vincent, Pool & Vincent, Oklahoma City, Oklahoma, for Appellant.
Steven E. Ferguson, Thomas C. Reisen, Crabb, Ferguson & Riesen, Oklahoma City, Oklahoma, for Appellees.
WM. C. HETHERINGTON, JR., Presiding Judge.
¶ 1 Appellant, Jimmy D. Songer (Son), appeals from the trial court's order granting guardianship of his mother, V. Inez Songer (Ward), an incapacitated adult to Appellees, Steve Austin and Amber Austin, (Guardians). Based on our review of the record on appeal and applicable law, we affirm.

FACTS
¶ 2 Ward lived alone until June 11, 2010. Ward's mental and physical health was deteriorating and she moved into a house next door owned by Ward and occupied by Ward's daughter Cecilia Austin and Guardians. Guardians are the son and daughter-in-law of Cecilia. This move was with the consent of Son. The record indicates Guardians had provided virtually all of Ward's care. Son had visited a couple of times and expressed no concerns about his mother living with Guardians or the quality of care provided by them. The testimony at trial indicates Son's major *385 concern was his mother's assets and how they would be affected by having a guardian. On September 21, 2010, Guardians filed their Petition For Appointment of Guardian. Son filed his Objection To Petition For Appointment of Guardian and petition to appoint himself as Guardian on November 2, 2010. Following trial on November 4, 2010, and entry of a "letter ruling memorandum" on November 5, 2010, the trial court entered specific findings of fact and legal conclusions followed by Letters of Guardianship and Order Appointing Guardians from which Son appeals as an interlocutory appeal.[1]

STANDARD OF REVIEW
¶ 3 In appointing guardians, courts are vested with sound legal discretion and their judgments will not be overturned absent an abuse of discretion. Gould v. Smith, 1965 OK 112, 405 P.2d 82, 83; Brigman v. Cheney, 1910 OK 316, 27 Okla. 510, 112 P. 993. Abuse of discretion occurs "when a court bases its decision on an erroneous conclusion of law or where there is no rational basis in evidence for the ruling." Christian v. Gray, 2003 OK 10, ¶ 43, 65 P.3d 591, 608.

ANALYSIS
¶ 4 Son raises as his sole proposition of error that "THE TRIAL COURT ERRED BY NOT FOLLOWING THE STATUTORY PRIORITY FOR THE APPOINTMENT OF A GUARDIAN SET BY THE LEGISLATURE AT 30 O.S. SECTION 3-104(A)."
¶ 5 Guardian's petition was filed approximately three and one-half months after Ward moved in with them. Son asserts on appeal that as a grandchild of the Ward, the trial court erred by appointing him and his wife as co-guardians, not following appointment priority pursuant to 30 O.S. Supp.1990 § 3-104(A)(5). We do not agree with Son the language of § 3-104(A) requires the trial court to follow the priority without inquiry and to the exclusion of others.
¶ 6 As Guardians argue in their Proposition I, § 3-104(A) does not mandate guardian appointments by courts with no consideration of facts bearing upon the best interests of the ward. Trial courts are required to engage in this analysis pursuant to § 3-104(C):
C. The court shall make reasonable inquiry to determine whether the person or organization proposed to serve as the guardian or limited guardian of an incapacitated or partially incapacitated person is suitable and will exercise the powers and carry out the duties and responsibilities of guardian or limited guardian in the best interest of the ward. The court shall also inquire of the proposed guardian of the person of the ward as to how the guardian proposes to provide for the care of the ward, and of the proposed guardian of the estate of the ward as to how the guardian proposes to manage the property of the ward and to provide for the ward's financial care. The court shall make such orders with respect thereto as the court deems to be for the best interest of the ward. (Emphasis added)
¶ 7 As the statute says, "... the priorities shall guide the selection by the court of a guardian ...". It does not mandate these priorities eliminate the power of hearing evidence of the best interest of the ward and the exercise of sound judicial discretion.
¶ 8 We find support for this view out of the 1910 Brigman case cited above for our standard of review when, as Guardians point out in their brief, discretion in matters such as this has long been recognized:
Where other things pertaining to the best interest of the child are equal, then, by section 3819, preference is to be given:.... But the provisions of this last section have no application or controlling influence upon the appointing court or judge, when in the judgment of the court such an appointment would not be in the best interest of the child. The county judge must in the first instance judge fitness of the person proposed for appointment, his ability to discharge *386 the duties of a guardian and to best protect and promote the interest and development of the child. This power carries with it a discretion within which an appellate court will not interfere, unless there has been a clear abuse of that discretion.
¶ 9 We find no erroneous legal ruling and review of the findings of fact reveal a rational basis for conclusions reached with no abuse of trial court discretion.
AFFIRMED AND REMANDED
BELL, C.J., and HANSEN, J., concur.
NOTES
[1] Appeal of an order granting letters of guardianship are appealable by right created in 58 O.S. Supp. 1991 § 721(1). The appeal is interlocutory in nature by virtue of the Oklahoma Guardianship and Conservatorship Act. 30 O.S. Supp. 1992 § 1-114 describes the continuing jurisdiction granted the trial court to secure by bond and manage care of the ward, reporting requirements, inventory, accounts and other assets of the ward's estate.