2017 OK 16

**In the MATTER OF K.S., Deprived Child,**

**LaToni Williams, Appellant,**

v.

**State of Oklahoma, Appellee.**

**No. 114,076**

Supreme Court of Oklahoma.

FILED: 02/28/2017

LaToni G. Williams, St. Louis, Missouri, Pro Se Appellant.

Ronald E. Baze, John K.F. Langford, and Bonnie L. Clift, Oklahoma Department of Human Services, Oklahoma City, Oklahoma, for Appellee.

Reif, J.,

¶1 The question presented to this Court is whether the district court abused its discretion when it denied Appellant's (Biological Mother) May 20, 2015, second motion for reconsideration. We answer in the negative.

¶2 On November 19, 2013, the district court terminated Biological Mother's parental rights to K.S. (Child).[1] Biological Mother appealed the termination order in 112,425 and it was affirmed by the Oklahoma Court of Civil Appeals on January 16, 2015. On February 13, 2015, mandate issued.[2] After

mandate issued in 112,425, Child was adopted by Parents.[3]

¶3 On April 7, 2015, Biological Mother filed a petition for guardianship over Child in Oklahoma County District Court.[4] On April 27, 2015, the district court denied the petition for guardianship without prejudice. The court noted Biological Mother's failure to serve or notify the proper parties and inability to do so in the future due to the confidentiality of adoption proceedings. The same day, Biological Mother filed a motion for reconsideration of the petition for guardianship and a motion asking the court to grant time to provide notice.

¶4 On May 8, 2015, the district court denied the motions for reconsideration and to grant time. The court noted that the motions were incoherent and stated that the court felt the petition contained circumstances such that the motions should be decided without a hearing under Rule 4(h) of the Rules for District Courts of Oklahoma, 12 O.S.Supp. 2013, ch. 2, app., r. 4(h). The court clarified that under Title 30, Section 2-101(D)(1) of the Oklahoma Statutes, anyone who petitions for guardianship of a minor must notify the minor's parents and Biological Mother had not done so. The court explained that notification is an insurmountable hurdle in this case as Title 10, Section 7505-1.1 mandates that all information relating to an adoption is confidential. The district court denied the motions

1. On July 20, 2012, the State of Oklahoma (State) filed an application to take Child into custody. The application was granted by Oklahoma County District Court and Child was placed into the emergency custody of Oklahoma Department of Human Services (Department). On July 30, 2012, State filed its original deprived petition. The court adjudicated Child deprived by default on October 25, 2012. The matter eventually proceeded to a bench trial in November 2013, leading to the termination of Biological Mother's parental rights.

2. On February 23, 2015, Biological Mother filed a petition for certiorari. This Court notified Biological Mother that the petition would not be considered. *Williams v. State*, No. 112,425 (Okla. Mar. 3, 2015). The termination of Biological Mother's parental rights became final upon issuance of mandate. *Bierman v. Aramark Refreshment Servs., Inc.*, 2008 OK 29, ¶¶ 11-12, 198 P.3d 877, 881-82.

3. After the final decree of adoption was entered, the adoptive parents became Child's parents (Parents). 10 O.S.2011, § 7505-6.5.

4. On April 21, 2015, Biological Mother improperly filed a petition asking the district court for "recall/rehearing" of the Court of Civil Appeals majority opinion and affirmation of the dissent in 112,425. Review of a Court of Civil Appeals opinion is only performed by the Supreme Court upon granting a writ of certiorari. 20 O.S.2011, § 30.1; 12 O.S.Supp. 2013, app. 1, r. 1.178(a). No petition for rehearing may be addressed to an order denying a petition for certiorari. 12 O.S.Supp. 2013, app. 1, r. 1.13(g)(5). Biological Mother appears to argue in numerous filings that the termination proceedings were invalid due to a prior custody determination. Claim preclusion prevents Biological Mother from continuing to contest any aspects of the termination of her parental rights. *Read v. Read*, 2001 OK 87, ¶ 15 n.18, 57 P.3d 561, 567 n.18; *Bierman*, 2008 OK 29, ¶¶ 11-12, 198 P.3d at 881-82.

and struck a hearing scheduled for May 20, 2015.[5]

¶5 On May 20, 2015, Biological Mother filed her "Motion of Motion," also titled "Motion to Remove Strike" (*hereinafter* second motion for reconsideration). The second motion for reconsideration argued that notice had been provided to all parties via United States Postal Service (U.S.P.S.) and that the district court improperly struck the scheduled hearing. On June 4, 2015, the district court denied the motion for reconsideration, noting its authority to dismiss a motion without a hearing, 12 O.S.Supp. 2013, ch. 2, app., r. 4(h), and also that the second motion for reconsideration failed to provide the date, a signature, or a certificate of mailing.

¶6 On June 30, 2015, Biological Mother initiated this appeal. On March 24, 2016, this Court retained the matter for decision.

¶7 A "motion to reconsider" does not technically exist within Oklahoma's statutory nomenclature. *Smith v. City of Stillwater*, 2014 OK 42, ¶10, 328 P.3d 1192, 1196. However, this Court looks to the content and substance of a motion rather than the title given to it, to determine how the motion is treated. *Kerr v. Clary*, 2001 OK 90, ¶7, 37 P.3d 841, 843. A motion to reconsider may be treated as a motion for a new trial, under Title 12, Section 651, or it may be treated as a motion to vacate or modify a final judgment under Title 12, Section 1031. *Smith*, 2014 OK 42, ¶10, 328 P.3d at 1196. The standard of review for both denial of a motion for a new trial and denial of a motion to vacate or modify a final judgment is abuse of discretion. *Smith*, 2014 OK 42, ¶11, 328 P.3d at 1197.

¶8 When the assessment of the district court's discretion in denial of a motion rests on the propriety of the earlier judgment, the abuse of discretion question is settled by the standard of review applicable to the underlying judgement's correctness. *Bank of Okla., N.A. v. Red Arrow Marina Sales & Service, Inc.*, 2009 OK 77, ¶11, 224 P.3d 685, 693; *Smith*, 2014 OK 42, ¶11, 328 P.3d at 1197. This Court also reviews the appointment of a guardian for an abuse of discretion. *Brigman v. Cheney*, 1910 OK 316, ¶5, 27 Okla. 510, 112 P. 993, 994. An abuse of discretion occurs when the district court errs with respect to a pure, unmixed question of law or there is no rational basis in evidence for the ruling. *Bank of Okla.*, 2009 OK 77, ¶11, 224 P.3d at 693; *Smith*, 2014 OK 42, ¶11, 328 P.3d at 1197.

¶9 To be timely, an appeal must be brought within 30 days of the final order, 12 O.S.2011, § 990A, or of the disposition of a motion to reconsider, if filed within ten (10) days of the final order.12 O.S.2011, § 990.2(A); 12 O.S.Supp. 2013, app. 1, r. 1.22(c)(1),(2). Any post-trial motion filed more than ten (10) days after the order, does not extend the time to appeal the underlying judgment.12 O.S.2011, § 990.2(B); 12 O.S.Supp. 2013, app. 1, r. 1.22(e). The time to appeal from a motion to reconsider is not extended by any later motion for reconsideration.12 O.S.Supp. 2013, app. 1, r. 1.22(c)(1). When the district court denied Biological Mother's motion for reconsideration on May 8, 2015, the thirty days to appeal from it or the underlying denial of petition for guardianship started. Biological Mother's appeal, filed June 30, 2015, was commenced timely only as to the second motion for reconsideration.

¶10 This matter is controlled by the Oklahoma Guardianship and Conservatorship Act, 30 O.S.2011, §§ 1-101, *et seq.* Title 30, Section 1-113 provides the district court, in which the guardianship petition is filed, with exclusive jurisdiction to determine the need for a guardian "[a]fter the service of notice in [the] proceeding...." (emphasis added).[6]

---

5. Biological Mother filed numerous other incoherent motions after this such as the May 15, 2015, "Federal Defendant's Respond to the Motion for Reconsideration for Certification" and the May 19, 2015, "Here by in responsive of affirm of mandate of the State of Oklahoma Appeal Court ask of the District Court...."

6. A. A guardian of the person or property, or both, of a person residing in this state, who is a minor ... may be appointed in all cases by the court as provided in this title.
B. **After the service of notice in a proceeding seeking the appointment of a guardian** ... the court in which the petition is filed has exclusive jurisdiction to determine:

Section 2-101(D)(1) requires that parents, and people having custody, of a minor be given notice of a hearing on the petition for appointment of a guardian. 30 O.S.2011, § 2-101(D)(1). Biological Mother argues that the district court improperly dismissed the petition for guardianship because Department was notified via U.S.P.S. However, at the time the guardianship proceedings were filed, Department did not have any custodial rights over Child. Because Title 10, Section 7505-1.1 of the Oklahoma Statutes provides that all information relating to an adoption is confidential, Biological Mother is unable to ever discover Parents identities in order to notify them of a guardianship proceeding. Without Parents receiving notice of the guardianship petition, the court did not obtain jurisdiction to grant a guardianship. The district court did not abuse its discretion in denying the second motion for reconsideration.

¶11 Rule 4(h) of the Rules for District Courts provides that "[m]otions may be decided by the court without a hearing, and where this is done, the court shall notify the parties of its ruling in writing by mail or email." 12 O.S.Supp. 2013, ch. 2, app., r. 4(h). Biological Mother argues that the district court improperly struck the hearing on reconsideration of the petition for guardianship, scheduled May 20, 2015, in an untimely fashion as she had relied upon the hearing date and made travel plans. However, the district court is allowed to decide a motion without a hearing so long as the court provides notice of the ruling to the parties. The rule does not require that notification of the ruling must be made by a specific time in advance of any scheduled hearings. Further, the court did not have jurisdiction to hold a guardianship hearing, as notice was not given to Parents. 30 O.S.2011, § 1-113. The district court's decision to strike the hearing and deny the motion without a hearing was not an abuse of discretion.

¶12 Accordingly, we affirm the district court's ruling; the district court was correct that notifying Parents of the guardianship proceeding is an insurmountable hurdle to Biological Mother and that it was allowed to deny the motion without a hearing. There was no abuse of discretion.

**ORDER OF THE DISTRICT COURT IS AFFIRMED.**

CONCUR: Combs, C.J., Gurich, V.C.J., and Kauger, Watt, Winchester, Edmondson, Colbert, and Reif, JJ.

NOT PRESENT AND NOT PARTICIPATING: Wyrick, J.

---

1. The need for a guardian or other order.... 30 O.S.2011, § 1-113 (emphasis added).