## WEBBER v. WEBBER.

No. 26614.   Nov. 10, 1936.

Martin & Martin, for plaintiff in error.

Clayton Carder, for defendant in error.

PER CURIAM.  On April 24, 1933, Mattie Webber, plaintiff below, was divorced from Frank H. Webber, defendant below, recovering alimony judgment in the sum of $720, payable in installments, with $50 attorney's fees, and court costs in the sum of $50.90. No appeal was taken from that judgment. Thereafter, in 1934, plaintiff twice applied for a citation for contempt because of failure of the defendant to pay the installments of alimony and court costs.

In her "Applications for Citation for Contempt" plaintiff recited the fact of the divorce and of the alimony judgment, that said judgment was still in force and effect, and that it had not been vacated or modified, and alleged:

"* * * And that since said order was made and entered of record in said cause, the same has been disregarded and violated by said defendant, in this that with the exception of a payment of the sum of $10, he has not paid the costs accrued, though the same were due after the expiration of 60 days from April 25, 1933, and has not paid any of the permanent alimony adjudged, notwithstanding the sum of $360 with accrued interest was due October 1, 1933.

"Wherefore, the plaintiff prays that order be made citing the defendant to appear on a day certain and show cause why he should not be punished as for contempt."

Upon these applications orders for citation were issued and citations for contempt served upon the defendant. Defendant unsuccessfully demurred to the complaints, or applications for contempt, for the reason they failed to state a cause of action or a public offense against the laws of the state of Oklahoma, and especially because said complaints failed to allege the acts of the defendant were **willful** violation of the divorce decree. At the trial, and after opening statements of respective counsel, defendant objected to the introduction of any evidence by plaintiff for the reason the complaints failed to plead a contempt under the laws of Oklahoma, and particularly that the comp'aints were fatally defective in that they did not allege the contempt of the defendant was **willful.** Appropriate exceptions at all times were saved by defendant.

At the conclusion of the trial the jury rendered a verdict of guilty against the defendant, whereupon the court pronounced sentence of 90 days in jail, with a fine of $500.

In defendant's motion for new trial he again urged the failure of plaintiff in her complaints to allege willful breach by defendant of the court decree.

"Indirect contempt" is defined by statute as follows:

Section 1956, O. S. 1931: "* * * Indirect contempt of court shall consist of willful disobedience of any process or order lawfully issued or made by court; resistance willfully offered by any person to the execution of a lawful order or process of a court."

In the case of Hadley v. Hadley, 129 Okla. 219, 280 P. 1097, an indirect civil contempt proceeding was instituted for failure to pay alimony; a proceeding apparently identical with the case at bar. In the Hadley Case the defendant neglected to object to the contempt proceeding on the ground it was not alleged the failure or fault of the defendant was **willful,** and it was therefore held Hadley had waived any later right to so object to the sufficiency of the proof. In the case at bar, however, the defendant, at every appropriate stage of the proceedings, objected thereto because of the failure to allege that the acts or omissions of the defendant were willful. In the Hadley Case, also, it appeared the defendant was unable to pay the alimony as specified in the divorce decree. In that case we said:

"In view of all these facts and defendant's inability to pay, there was no justification for a finding that defendant willfully disobeyed or violated the order of the court in failing to pay any amount in excess of $50 per month. To constitute an indirect contempt, the disobedience of the court's order must be willful, and the evidence thereof must be clear and convincing."

The action of the trial court in the case at bar was clearly contrary to our view expressed in the Hadley Case.

Under the statute and the decision aforesaid, it must be alleged that such failure or omission to abide and perform the judgment of the court was willful. There being no such allegation to that effect, the complaints were fatally defective. The trial court erred both in overruling demurrer of defendant and in overruling his objection to the introduction of evidence in support of the fatally defective complaints.

The judgment of the trial court is therefore reversed, and this cause is remanded, with directions to vacate and set aside the judgment heretofore entered and to dismiss the applications for contempt.

The Supreme Court acknowledges the aid of Attorneys Ray S. Fellows, Max G. Cohen, and Joseph L. Seger in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Fellows and approved by Mr. Cohen and Mr. Seger, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion was adopted.

McNEILL, C. J., OSBORN, V. C. J., and BAYLESS, PHELPS, CORN, and GIBSON, JJ., concur.