**Sonja TEMPLETON, Appellant,**

v.

**Ronald E. TEMPLETON, Appellee.**

**No. 54160.**

Supreme Court of Oklahoma.

Oct. 26, 1982.

Rehearing Denied Jan. 25, 1983.

---

**2.** 51 O.S.1981 § 156 B.

**3.** 51 O.S.1981 § 156 C.

**4.** 51 O.S.1981 § 156 D.

**5.** § 156 B, *supra.*

John K. Harlin, Jr., Tulsa, for appellant.

Lloyd E. Cole, Jr., Stilwell, for appellee.

HODGES, Justice.

The dispositive issue presented is whether property, purchased by the wife with inherited funds, may be subjected to property division in a divorce proceeding.

When Sonja and Ronald Templeton were married, she owned the Strathmore Apartments in Los Angeles, California, in partnership with her brother. Her share of the apartments had been purchased with funds she inherited from her parents, and none of Ronald's funds were ever expended on the Strathmore Apartments. Sonja ultimately purchased her brother's share in the apartment units and the Strathmore Apartments dramatically increased in value during coverture. During the marriage, which lasted approximately 4½ years, the couple purchased a nine-unit apartment building in Dunsmuir, California, and a small farm in Hulbert, Oklahoma. The down payment on the properties was made with monies Sonja

withdrew from her teacher retirement fund. Ronald was intermittently employed and made only minimal financial contributions to the marital estate. Part of the time the couple was married, Sonja worked as a school teacher and these earnings, in addition to income from the rental units, constituted the primary support of the couple. Although Ronald did some minor repairs on the buildings and served as manager of the properties for a brief period, most of the time rentals were handled by a full-time manager and repairs were handled by professional repairmen. Ronald was paid a salary during the time he managed the apartments.

In addition to other property disposition, the trial court awarded Ronald the Dunsmuir Apartments in Dunsmuir, California, the real estate in Hulbert, Oklahoma, and a $150,570.00 lien on the Strathmore Apartments. After the divorce, Sonja conveyed the Hulbert and Dunsmuir properties to Ronald. The Court of Appeals modified the decree of the trial court by ordering that the lien on the Strathmore Apartments be removed. The decree was otherwise affirmed. The only contested matter on certiorari is the $150,570.00 award and the matter of attorney fees.

The lien on the Strathmore Apartments was imposed because the trial court held that Ronald's contributions of managerial skills and repairs had resulted in enhancement of the value of the property. Sonja contends that: his contributions were nominal; he was compensated; appreciation of the property resulted from inflation; and that the property value would have increased regardless of any maintenance or management. It is asserted by Sonja that because the property was purchased with inherited funds Ronald is not entitled to a division of her separate property. We agree.

## I

Jointly acquired property as defined by 12 O.S.1971 § 1278 is only that which is accumulated by the joint industry of the husband and wife during the marriage.[1] If one spouse brings separate property to the marriage, increased or enhanced value of the property will not constitute jointly acquired property during coverture unless the enhancement value was the result of joint efforts, skill or funds of both spouses.[2] In order for a spouse to successfully prove that enhanced value is the result of joint endeavors, it must be shown that the net worth of the property increased during the marriage as the direct result of substantial contribution by the spouse[3] of effort, skill or funds. Enhancement in the value of a spouse's separate property which is caused by appreciation, inflation, changing economic conditions, or circumstances beyond the parties' control is not jointly acquired property unless the non-owning spouse can prove that his/her contributions were also a causal factor.[4] If so, the spouse is entitled to an interest in the appreciation of the property created through his/her efforts.

Where there is no evidence that the husband's efforts contributed to the acquisition of the parties' property and that any enhancement of the property due to his efforts, if any, did not amount to more than the value of the property awarded to the husband, it was error to award an interest to the husband in the Strathmore Apartments.[5]

1. *Williams v. Williams,* 428 P.2d 218, 222 (Okla.1967); *Longmire v. Longmire,* 376 P.2d 273, 275 (Okla.1962).

2. *Kirkland v. Kirkland,* 488 P.2d 1222, 1227 (Okla.1971).

3. *Wright v. Wright,* 577 P.2d 922, 924 (Okla. App.1978); *Armstrong v. Armstrong,* 462 P.2d 656, 658 (Okla.1969); *Moyers v. Moyers,* 372 P.2d 844, 846 (Okla.1962).

4. See *Williams v. Williams,* supra, and L.K. Simpson, "Domestic Relations: The Role Of Joint Industry In The Determination Of What Is Jointly Acquired Property," 32 Okla.L.Rev. 214, 216 (1979).

5. See *Armstrong v. Armstrong,* note 3, supra.

The evidence in this case is clear that the Strathmore Apartments were purchased with funds inherited by the wife and that the initial investment cannot be considered as having been acquired by joint industry or efforts of the parties. It is also obvious that the property escalated in value during the spousal union because of an inflationary spiral in land values, and that the husband performed some menial labor and contributed in some managerial skills. However, he was more than adequately compensated for any contribution he made because he was paid a salary for these, and during much of the marriage he was almost totally dependent.

## II

Although Sonja requested an award of attorney fees, her petition for certiorari states that, if the court reverses Ronald's judgment against her separate property, she will pay her own counsel fees with costs of all appeals assessed against Ronald. So be it.

CERTIORARI GRANTED. JUDGMENT OF THE TRIAL COURT AFFIRMED IN PART, REVERSED IN PART. OPINION OF THE COURT OF APPEALS, DIVISION NO. 1 WITHDRAWN FROM PUBLICATION AND VACATED IN REGARD TO JUDGMENT OF $150,570.00 IN FAVOR OF HUSBAND; AFFIRMED CONCERNING REMOVAL OF LIEN.

BARNES, V.C.J., and LAVENDER, SIMMS, DOOLIN, HARGRAVE, OPALA and WILSON, JJ., concur.