HORIZONS, INC., Plaintiff-Appellant,

v.

KEO LEASING COMPANY and Kenneth E. Olsen, Defendants-Appellees.

No. 58156.

Supreme Court of Oklahoma.

May 15, 1984.

David S. Eldridge, Oklahoma City, for plaintiff-appellant.

Donald E. Herrold, Morrel, Herrold & West, Tulsa, for defendants-appellees.

OPALA, Justice:

1. The defendants sought to dismiss this appeal because it was not timely brought and the errors sought to be reviewed were not preserved by specific allegations in the plaintiff's postjudgment motion. The Court of Appeals reversed. It concluded that (a) the petition-in-error was timely filed in this court, (b) the statute of limitations had not run and (c) summary judgment, based only on the petition and exhibits, was erroneous. On certiorari the defendants argue that: (a) the Court of Appeals opinion failed adequately to consider their dismissal motion and (b) the trial court's summary judgment should be reinstated.

2. Within 10 days of the summary judgment for the defendants, plaintiff filed below a "motion to vacate" by which it sought to be relieved of the adverse decision. The motion is challenged here as ineffective to extend appeal time and its contents as insufficient to preserve for review the errors on which the Court of Appeals reversed the trial court's judgment.

3. We grant certiorari for the *sole* purpose of reaching for a precedential pronouncement the jurisdictional issue raised by defendants' motion to dismiss. We do not address defendants' other argument since we concur in the result reached by the Court of Appeals.

4. A motion seeking reconsideration, re-examination, rehearing or vacation of a judgment or final order, which is filed within 10 days of the day such decision was

rendered, may be regarded as the functional equivalent of a new trial motion, no matter what its title.[1] The meaning and effect of an instrument filed in court depends on its contents and substance rather than on form or title given it by the author. *Amarex, Inc. v. Baker*, Okl., 655 P.2d 1040, 1043 [1983]; *Knell v. Burns*, Okl., 645 P.2d 471, 473 [1982]; *Boose v. Hanlin*, Okl., 346 P.2d 932, 935 [1959]. More recently we reiterated this rule in *Sellers v. The Oklahoma Publishing Co.*, Okl., [S.Ct. No. 58,281, March 27, 1984].

◼ Plaintiff's "motion to vacate", filed below within 10 days of the judgment date, was properly treated as one for new trial. A timely-filed new trial motion does operate to extend appeal time, 12 O.S.1981 § 991(a); Rule 1.12(b), Rules on Perfecting a Civil Appeal, 12 O.S.1981 Ch. 15, App. 2, when addressed to a judgment or final order.

◼ 5. The critical ground on which the plaintiff rested its motion to vacate was:

"The journal entry of judgment prepared by the counsel for the Defendant is *contrary to the prevailing Oklahoma law* as reflected in applicable cases and statutes." [emphasis ours]

When that motion was reached for hearing, plaintiff's counsel presented to the court the same specific arguments as those later tendered by his brief-in-chief on appeal. Under the rubric of points of law to be urged as error plaintiff's petition-in-error alleges that:

"a. ... the decision is not sustained by sufficient evidence, or is contrary to law ..."

The allegation quoted here from plaintiff's motion to vacate clearly must be deemed insufficient to preserve *any* errors for appellate review. Under the provisions of 12 O.S.1981 § 991(b),[2] as construed in *Federal Corporation v. Independent School District No. 13, Pushmataha County*, Okl. App., 606 P.2d 1141 [1978], plaintiff's motion was too vague and general to apprise the trial court meaningfully of the reasons on which relief was sought. *Federal Corporation* holds that a motion for new trial, couched in language similar to that used here will not preserve for review complaints about proper parties, their appearance, venue and attorney's fees.

◼ While, under the provisions of § 991(b), a new trial motion is inefficacious unless its allegations inform the trial court of the specific defects in the antecedent judicial process which are to serve as grounds for re-examination sought by the aggrieved party, any lack of specificity in the language of a new trial motion will be regarded as effectively cured by record showing that, at the hearing on that motion, the movant, *without any objection from the opposite party*, precisely identified each point of law which is fairly comprised in the general allegations of the defective motion. See Rule 17, Rules for District Courts, 12 O.S.1981 Ch. 2, App.

At the hearing on the "motion to vacate" the trial court was made aware, by the argument of counsel, of *each specific defect* invoked as a ground for new trial. Each defect *relied on* was fairly comprised within the general allegations of the motion to vacate. The ills sought to be remedied by the strict *Federal Corporation* standards clearly are not present here. The trial court had *timely and ample* opportunity to correct the *specific* errors *generally*

---

1. See Rules 1.12(c) I and 1.40(d), Rules on Perfecting a Civil Appeal, 12 O.S.1981 Ch. 15, App. 2, in which the terms "new trial", "reconsideration", "rehearing", "re-examination" and "vacation" are treated as interchangeable.

2. The terms of 12 O.S.1981 § 991(b) provide: "(b) If a motion for a new trial be filed and a new trial be denied, the *movant may not,* on the appeal, *raise allegations of error that were available to him* at the time of the filing of his motion for a new trial *but were not therein asserted.*" [emphasis ours]

The law is well settled that if a motion for new trial is filed and denied, the movant may not, on appeal, allege error which, though available to him at the time his motion was filed, was not asserted therein. Failure of the movant to do so places the issue beyond the reach of our review. *Faulkenberry v. Kansas City Southern Railway Company*, Okl., 661 P.2d 510, 513 [1983].

*alleged* in the motion and later asserted on appeal. They were hence properly preserved for corrective process.

The Court of Appeals opinion is amended, the trial court's judgment reversed and the cause remanded for further proceedings not inconsistent with either appellate pronouncement.

SIMMS, V.C.J., and LAVENDER, DOOLIN, HARGRAVE, WILSON and KAUGER, JJ., concur.

BARNES, C.J., and HODGES, J., dissent.