2000 OK 5

**Harold SLAGELL, Plaintiff/Appellant**

**v.**

**Walter SLAGELL, Executor of the Estate of Maurice Slagell, Deceased, Defendant/Appellee.**

No. 91676.

Supreme Court of Oklahoma.

Jan. 25, 2000.

Randolph S. Meacham, RANDOLPH S. MEACHAM, P.C., Clinton, Oklahoma, for Appellant.

F.H. Wright, F.H. WRIGHT LAW OFFICE, Oklahoma City, Oklahoma, for Appellee.

**MEMORANDUM OPINION**

HARGRAVE, V.C.J.

¶ 1 The issue is whether the appeal should be dismissed because of appellant's failure to preserve any issues for review where no errors were raised in his motion for new trial. Finding that the case is controlled by *Horizons, Inc. v. Keo Leasing Co.*, 1984 OK 24, 681 P.2d 757 (Okla.1984), we granted certiorari and now vacate the opinion of the Court of Civil Appeals and dismiss the appeal.

¶ 2 Appellant filed an action in 1988 to terminate a family partnership. One of the brothers, Maurice, died in an automobile ac-

cident during the pendency of the suit, and the appellee was appointed executor of the estate. Appellee filed a wrongful death claim which was settled for $145,000. The funds were deposited in a bank account in 1991. On December 14, 1992, the parties entered into a settlement agreement settling the partnership lawsuit. The Settlement Agreement contained a Mutual Release and Discharge Clause wherein the parties agreed to "remise, release and forever discharge" the other from any and all debts, demands, actions, etc. and liabilities whatsoever of every name and nature, whether known or unknown ... for all time to this date." The agreement also contained a covenant not to sue.

¶ 3 Appellee apparently distributed the $145,000 in 1996 to Maurice's brothers and sisters, except for the appellant, pursuant to 12 O.S. § 1053. In 1997, appellant Harold Slagell sued appellee, as executor of Maurice's estate, seeking his share of the wrongful death claim settlement. Both sides filed motions for summary judgment. The trial court granted the appellee's motion for summary judgment finding that, 1) the wrongful death proceeds attributable to Maurice's death were distributed in accordance with 12 O.S.1991 § 1053 and not under the terms of Maurice's will or trust, and 2) the plaintiff's claim to the wrongful death settlement proceeds was released by the terms of the Settlement Agreement entered into between the parties.

¶ 4 Appellant filed a motion for new trial which stated only that "the decision of the court is not sustained by the evidence, and is contrary to the law of the State of Oklahoma." Appellee moved to dismiss the motion on the grounds that it failed to present any issues for review. The trial court denied the appellant's motion for new trial.

¶ 5 Appellant then appealed, attempting to raise three "issues and errors" for review. The first issue restates the language used in the motion for new trial; the next two issues concern the merits of the case. The appellee moved to dismiss the appeal on the grounds that the motion for new trial failed to preserve any issues for review. Finding that nothing had been preserved for review on appeal, we granted appellee's petition for writ of certiorari.

¶ 6 *Horizons, Inc. v. Keo Leasing Co.*, 1984 OK 24, 681 P.2d 757 is dispositive. In *Horizons,* the plaintiff's motion to vacate (treated as a motion for new trial) pled only that the journal entry of judgment was "contrary to the prevailing Oklahoma law as reflected in applicable cases and statutes." On appeal, the petition-in-error alleged only that "the decision is not sustained by sufficient evidence, or is contrary to law." We found the allegation in the motion to vacate to be insufficient to preserve *any* errors for appellate review. Plaintiff's motion was too vague and general to meaningfully apprise the trial court of the reasons for which relief was sought.

¶ 7 We recognized that under 12 O.S. § 991(b), a new trial motion is insufficient unless its allegations inform the trial court of the *specific defects* for which the aggrieved party seeks review. Title 12 O.S.1991 § 991(b) provides:

"If a motion for new trial be filed and a new trial be denied, the movant may not, on the appeal, raise allegations of error that were available to him at the time of the filing of his motion for new trial but which were not therein asserted."

¶ 8 This is precisely the situation in the case at bar: allegations raised on appeal were not raised in the motion for new trial. Accordingly, there is nothing for the appellate court to review. In *Horizons,* we crafted an exception to the rule where the record reflected that, during the hearing on that motion, the movant, without objection from the opposite party, precisely identified each point of law fairly comprised in the general allegations of the motion.

¶ 9 We said in *Horizons* that the trial court at the hearing had timely and ample opportunity to correct the specific errors asserted there, and thus they were properly preserved for review. The case at bar, however, does not fall within this exception. In the record before us, there is no transcript of the hearing on appellant's motion for new trial. Appellant did not argue that the issues were presented at the hearing on the motion for new trial, so as to fall within the *Horizons* exception.

¶ 10 The case at bar is analogous to *Federal Corporation v. Indep. Sch. Dist. No. 13 of Pushmataha Co.,* 606 P.2d 1141 (Okla.App.1978)(*approved for publication by the Supreme Court on Feb. 14, 1980*), which found that where none of appellants four propositions of error were presented in his motion for new trial, there was nothing preserved for appellate review, and the appeal was dismissed.

¶ 11 In *Federal Corporation,* the sole ground stated in the motion for new trial was: "The decision is not sustained by sufficient evidence and is contrary to law." The appellate court found the language insufficient, stating that the reason for limiting issues on appeal to those raised in the motion for new trial is to give the trial court an opportunity to correct its own errors before the costly process of appeal is begun. *Federal Corporation,* 606 P.2d at 1143.

¶ 12 Since no issues are properly before the appellate court for review, the appeal should be dismissed. Appellee sought attorney fees on appeal, based on the sole ground that appellant's appeal was frivolous and without merit, thus entitling Appellee to an award of attorney fees. Appellee's motion for attorney fees on appeal is denied. *Federal Corp.,* 606 P.2d at 1144.

**CERTIORARI PREVIOUSLY GRANTED; THE OPINION OF THE COURT OF CIVIL APPEALS IS VACATED; APPEAL DISMISSED.**

¶ 13 CONCUR: SUMMERS, C.J., LAVENDER, OPALA, KAUGER, WATT, JJ.

¶ 14 DISQUALIFIED: BOUDREAU, J.