2001 OK 90

Amanda KERR, formerly Clary, Appellee,

v.

Donavon L. CLARY, Appellant.

No. 94,158.

Supreme Court of Oklahoma.

Oct. 16, 2001.

Suzanne Woodrow, Purcell, OK, for Appellee.

Charles E. Douglas and Barry K. Roberts, Norman, OK, for Appellant.

WINCHESTER, J.

¶ 1 The primary issue in this case is whether the Court of Civil Appeals, Division 1, erred in its conclusion that a "Motion to Reconsider" filed within ten (10) days after the trial court filed its judgment is necessarily treated as a "Motion for New Trial" based on this Court's holding in *Horizons, Inc. v. Keo Leasing Co.*, 1984 OK 24, 681 P.2d 757. We hold that the Court of Civil Appeals, Division 1, did so err, and we reverse.

¶ 2 Appellant/Father Donavan Clary ("Clary") and Appellee/Mother Amanda Kerr ("Kerr") divorced in June 1996. By the terms of the divorce decree filed in the District Court of McClain County dated June 17, 1996, Kerr was granted custody of the parties' minor child and Clary was allowed expanded visitation. Two years later, on June 16, 1998, Kerr filed a Motion to Modify the decree, in which she alleged Clary sexually abused their minor child. Accordingly, Kerr sought to severely restrict Clary's visitation rights. Kerr also sought a contempt citation for Clary's alleged failure to pay court-ordered medical and child care expenses. Clary denied the sexual abuse allegations and claimed his failure to pay child care and medical expenses was not willful.

¶ 3 At trial, Clary was found guilty of contempt for not paying certain sums for child support and medical expenses. Clary's visitation rights were restricted to two, one-hour visits per month, in the presence of Kerr's counselor, who testified at trial as to statements made by the child concerning sexual abuse by Clary. The counselor's fee was $100.00 per visitation session.

¶ 4 Seven days after the judgment was entered, Clary filed a motion entitled "Motion to Reconsider" with the trial court, contesting that part of the order requiring supervision by Kerr's counselor at a rate of $100.00 per hour. Clary alleged the fee was prohibitive and asked the court to modify its order to allow visits to be supervised by the "McClain–Garvin County's Youth and Family Center," which charges only $2.00 per visit.

The court denied this relief and Clary appealed.

¶ 5 On appeal, the Court of Civil Appeals held (1) that Clary's "Motion to Reconsider" was to be treated as a motion for a new trial, (2) that errors not raised in the Motion to Reconsider could not be raised on appeal, (3) that since Clary raised only one issue in the Motion to Reconsider (asking for someone other than Kerr's counselor to monitor Clary's visitation sessions), other allegations of error in the petition in error would therefore not be considered pursuant to this Court's holding in *Horizons,* and (4) that because Clary did not raise the error on appeal that he raised in the Motion to Reconsider, Clary preserved no issues for review.

¶ 6 We hold that the Court of Civil Appeals erred in holding that this Court's decision in *Horizons* requires that Clary's Motion to Reconsider filed within 10 days of judgment necessarily be construed as a Motion for a New Trial. In *Horizons,* 1984 OK 24, ¶ 4, 681 P.2d at 758–759, this Court held:

> "A motion seeking reconsideration, re-examination, rehearing or vacation of a judgment or final order, which is filed within 10 days of the day such decision was rendered, may be regarded as the functional equivalent of a new trial motion, no matter what its title. The meaning and effect of an instrument filed in court depends on its contents and substance rather than on form or title given it by the author."

¶ 7 *Horizons* states that the "content and substance" of the motion, rather than the form or title given by the author, determines how the motion is treated. Further, the use of the word "may" is permissive rather than mandatory. See *Shea v. Shea,* 1975 OK 90, ¶ 10, 537 P.2d 417, 418. In the instant case, Clary filed a Motion to Reconsider within seven days of the trial court's judgment. The motion specifically requested the court reconsider its decision requiring the presence of Kerr's counselor at Clary's visitation sessions with his child at a rate of $100.00 per hour. In addition, the motion also suggested a comparable alternative visitation arrangement at a cost to Clary of $2.00 per visit, as opposed to $100.00 per visit.

¶ 8 The "content and substance" of Clary's Motion to Reconsider favors its interpretation as a Motion to Modify the court's order, as opposed to a Motion for a New Trial. Although every Motion for New Trial includes a request to modify the court's decision, Clary sought only to reduce visitation costs to a minimal amount and provide a neutral monitor. Its content and substance are not the indicia of a Motion for New Trial. We therefore hold that Clary's motion, based on its content and substance, shall be treated as a Motion to Modify.

¶ 9 Although Clary raised in his Amended Petition in Error the issue of the trial court's abuse of discretion in its restricting Clary's visitation to supervised counseling with Kerr's counselor, Clary chose not to brief the issue. Accordingly, that issue is waived. *DLB Energy Corp. v. Oklahoma Corp. Com'n,* 1991 OK 5, ¶ 5, n. 6, 805 P.2d 657, 659, n. 6. Only two substantive issues were argued in Clary's Brief in Chief. The first issue is whether certain hearsay testimony relating to the child's statements concerning sexual abuse were properly admitted at trial under 12 O.S.1991, § 2803(24). The second issue is whether sufficient evidence existed to warrant finding Clary in contempt of court. In his Petition for Certiorari, Clary referred to the fact that the Court of Civil Appeals did not address the merits of the case in its opinion. As the two issues briefed by Clary were properly preserved, this Court may address the issues left undecided by the Court of Civil Appeals. Okla.Sup.Ct.R. 1.180(b).

## I. SHOULD HEARSAY TESTIMONY RELATING TO THE CHILD'S STATEMENTS HAVE BEEN ADMITTED AT TRIAL?

¶ 10 Hearsay evidence was admitted at trial pertaining to certain statements made by the minor child implicating Clary as sexually abusive. The trial court allowed admission of the hearsay statements under 12 O.S. 1991, § 2803(24), known as the "residual exception" to the hearsay rule. Section 2803(24), which is modeled after Rule 807 of the Federal Rules of Evidence (formerly

Rule 803(24)), exempts the following statements from exclusion under the Hearsay Rule, even though the declarant is available as a witness:

"A statement not specifically covered by any of the foregoing exceptions but having equivalent circumstantial guarantees of trustworthiness, if the court determines that: (a) the statement is offered as evidence of a material fact, (b) the statement is more probative on the point for which it is offered than any other evidence which the proponent can procure through reasonable efforts, and (c) the general purposes of this Code and the interests of justice will best be served by admission of the statement into evidence.

"A statement shall not be admitted under this exception unless its proponent makes known to the adverse party, sufficiently in advance of the trial or hearing to provide the adverse party with a fair opportunity to prepare to meet it, his intention to offer the statement and the particulars of it, including the name and address of the declarant." [12 O.S.1991 § 2803(24).]

¶ 11 According to the Advisory Committee's Note to Rule 803(24) of the Proposed Federal Rules of Evidence, Rule 803(24) "[does] not contemplate an unfettered exercise of judicial discretion, but [does] provide for treating new and presently unanticipated situations which demonstrate a trustworthiness within the spirit of the specifically stated exceptions." The hearsay statements in question were offered into evidence by Kerr through Kerr's own testimony, the testimony of the child's counselor and also the testimony of an employee of the Department of Human Services who had investigated the allegations of sexual abuse of the minor child.

¶ 12 Clary first argues that Kerr failed to comply with the notice provisions of 12 O.S. 1991, § 2803(24). In substance, Clary claims that he was not put on notice of "the name and address of the declarant," as required by statute, and that the notice given was "vague and imprecise" as to the content of the hearsay statement. Thus, Clary argues that Kerr's failure to provide him with the "name and address of the declarant," as required by

§ 2803(24), excludes from admission the hearsay testimony relating to sexual abuse of the child.

¶ 13 On this point, Clary fails to correctly interpret the statutory language of § 2803(24) with respect to the identity of the "declarant." A "declarant" is defined as "a person who makes a statement." 12 O.S. 1991, § 2801(2). A statement is defined in § 2801(1)(a) and (b) as "an oral or written assertion, or . . . nonverbal conduct of a person, if it is intended by him as an assertion." Hearsay is "a statement, other than one made by the declarant while testifying at trial or hearing, offered in evidence to prove the truth of the matter asserted. . . . ." 12 O.S.1991, § 2801(3).

¶ 14 In the instant case, the declarant of the hearsay statements in question, insofar as the notice provision of § 2803(24) is concerned, is Clary's and Kerr's minor child. The "declarant" is not, as Clary argues, Kerr's witnesses who testified at trial as to the child's hearsay statements. Clary's interpretation of the statute is thus incorrect. Clary was aware of the "name and address" of his child, and the lack of formal notice on these facts does not violate the notice provision of § 2803(24).

¶ 15 Clary also argues that the child's out-of-court statements pertaining to alleged sexual abuse by the father should have been excluded altogether as inadmissible hearsay testimony. As noted above, the trial judge allowed the statements admitted into evidence under 12 O.S.1991 § 2803(24). The purpose of § 2803(24) is to allow for the admission of hearsay statements not covered by explicit statutory hearsay exceptions but which possess "equivalent guarantees of trustworthiness. . . ." The trial court did not abuse its judicial discretion in admitting the testimony of Kerr, the child's counselor, and the DHS employee concerning the statements of sexual abuse made by the child.

¶ 16 Clary further claims that the court violated his due process rights by denying him the right to confront and cross-examine his son. We have already determined that the child's statements made to the three testifying witnesses were admissi-

ble. But Clary will not be heard to argue that he agreed that his son should not be called to testify, and then complain that the son was not called to testify. Clary's argument is without merit, as he waived any right to confront his son when he agreed that his child would not be called as a witness.

## II. WAS THERE SUFFICIENT EVIDENCE TO WARRANT A FINDING OF CONTEMPT OF COURT?

¶ 17 The trial court found Clary guilty of contempt of court for not paying certain sums of child care and medical expenses. On appeal, Clary questions the documentation and legitimacy of child care and medical expenses attributed to him by the trial court. In addition, Clary argues that his failure to perform his financial obligations was not "willful," and therefore his failure to pay on his obligations can not be punished by the court. See *Webber v. Webber*, 1936 OK 720, ¶ 8, 62 P.2d 490, 491.

¶ 18 As this Court has previously held, "The trial court was the trier of the facts. The credibility of the witnesses and the effect and weight to be given to conflicting or inconsistent testimony are questions of fact to be determined by the trier of facts, whether court or jury, and are not questions of law for this Court on appeal." *Clark v. Addison*, 311 P.2d 256 at 263 (Okla.1957). The standard of review is clear; in a contempt proceeding, questions of fact will not be reviewed. *Seifried v. State*, 1939 OK 28, ¶ 20, 86 P.2d 1008, 1011. An examination of the record reveals that the trial court acted within its discretion in holding that Clary owed child support and medical expenses, as well as in finding Clary guilty of contempt of court.

¶ 19 Further, that Clary acted "willfully" in failing to perform his financial obligations on behalf of his minor son is supported by the record. Clary knew of the financial obligations owed to his son. His failure to fulfill those obligations, which proposition is supported by evidence introduced at trial, is properly actionable.

**CERTIORARI PREVIOUSLY GRANTED; OPINION OF THE COURT OF CIV-** IL APPEALS VACATED; JUDGMENT OF THE TRIAL COURT AFFIRMED.

¶ 20 HODGES, LAVENDER, SUMMERS, BOUDREAU, WINCHESTER, JJ., concur.

¶ 21 HARGRAVE, C.J., KAUGER, J., concur in result.

¶ 22 WATT, V.C.J., OPALA, J., concur in part, dissent in part.