2011 OK CIV APP 59

### In re the MARRIAGE OF Juliann MARZUOLA AND Starlin Neal CLICK.

**Juliann Marzuola, Petitioner/Appellant,**

v.

**Starlin Neal Click, Respondent/Appellee.**

No. 106,976.

Court of Civil Appeals of Oklahoma, Division No. 3.

March 25, 2011.

Tracy Cotts Reed, Oklahoma City, Oklahoma, for Petitioner/Appellant.

Donelle H. Ratheal, Jaime N. Ortiz, Gabe Perez, Ratheal & Associates, P.C., Oklahoma City, Oklahoma, for Respondent/Appellee.

BAY MITCHELL, Presiding Judge.

¶1 Petitioner Juliann Marzuola (Wife) appeals from the trial court's judgment sustaining in part[1] and denying in part Wife's Motion to Reconsider and/or Motion for New Trial pertaining to the property division in this divorce proceeding. Specifically, Wife appeals the trial court's characterization of Respondent, Starlin Neal Click's (Husband) interest in his business as his separate property. Alternatively, she asserts the trial court erred in refusing to award Wife an equitable portion of the enhanced value of Husband's interest in the business.

¶2 The parties were married in March 2002 and no children were born of the marriage. In 2004, Husband purchased a fifty percent (50%) interest in High Road Partners, Inc. (HRP), a personnel business, with a $50,000 down payment (plus $10,000 for initial working capital) for same coming from Husband's separately acquired assets.[2] Wife testified at trial that she was neither a shareholder nor a director or employee of the company. She further testified that she had never worked for the company or expended any professional time on behalf of the company.

¶3 Ultimately, the trial court concluded that the interest in HRP was Husband's separate property unencumbered by any marital interest and therefore not subject to division. The trial court refrained from placing a value on the property as it was restored to Husband's sole use and ownership.

¶4 Wife contends HRP has become a marital asset because Husband paid down his HRP debt with money retained by the business. The theory, as we understand it, is that Husband could have taken that money as income-either salary or bonus. And if he

---

1. The parties stipulated to certain necessary corrections to be made to the trial court's initial property division determinations. Additionally, Wife raised various other issues in her Motion to Reconsider (such as the dispute over the value of the parties' treadmill) which were not raised on appeal. Additionally, Wife lists issues in Exhibit C to her Petition in Error, which she failed to brief. Issues not briefed are waived on appeal. *DLB Energy Corp. v. Oklahoma Corp. Comm'n,* 1991 OK 5, 805 P.2d 657, n. 6. *See Reddell v. Johnson,* 1997 OK 86, ¶¶ 6–8, 942 P.2d 200, 202 (providing "[a]n appellate court is generally confined to the issues raised by the parties and presented by the proof, pleadings, petition in error and briefs.").

2. The purchase price was $600,000 plus net receivables. The original loan amount on this "buyer's note" was $500,000. Husband's evidence demonstrated the balance on the loan as of March 31, 2008 was $141,041.31.

had taken that money as income and with that paid the business debt, the business would clearly be a marital asset. Wife also argues she is entitled to equitable division of what she characterizes as the "marital component" of HRP, which is derived from the increase in value from $60,000 (the amount of Husband's initial investment amount) to $600,000, which Wife asserts was the company's worth at the time of trial. The trial court denied Wife's Motion to Reconsider on these issues.

¶5 Actions for divorce and division of property are of equitable cognizance, and the trial court's judgment will not be disturbed on appeal unless found to be clearly contrary to the weight of the evidence. *Carpenter v. Carpenter*, 1983 OK 2, ¶24, 657 P.2d 646, 651. The trial court has discretionary power to divide the marital estate and the reviewing court will not disturb the division absent some abuse of discretion or a finding that the trial court's decision is clearly contrary to the weight of the evidence. *Teel v. Teel*, 1988 OK 151, ¶7, 766 P.2d 994, 998. Further, "Oklahoma's statutory law requires marital property to be distributed in a just and reasonable manner." *Id.* at ¶5, 766 P.2d 994, 997; *see* 43 O.S.2001 § 121. Finally, where one spouse brings separate property to a marriage and an *increased value* of the property occurs as a result of joint efforts of the husband and wife, the other spouse is entitled to an interest in the appreciation of the property. *Templeton v. Templeton*, 1982 OK 127, ¶5, 656 P.2d 250, 252.[3]

¶6 Jointly acquired property must be properly divided upon divorce. *Manhart v. Manhart*, 1986 OK 12, 725 P.2d 1234, 1240. Oklahoma law provides a presumption that property *acquired during the marriage* is acquired by the joint efforts of the spouses. *Id.* "However, the presumption is prima facie only and may be overcome by the evidence in

the case." *Id.* (citing *Perdue v. Hartman*, 1965 OK 177, 408 P.2d 293).

¶7 In this case, Husband acquired the business during the marriage and thus, it is presumed to have been acquired by joint efforts of Husband and Wife. However, the evidence reveals Husband used his separate assets to acquire the business, Wife pledged no personal assets for the company, she owned no stock, she never worked for the company, nor did she expend any professional time on behalf of the company. The evidence rebuts the presumption of *acquisition* by joint efforts and supports a finding that Husband's interest in HRP is separate, nondivisible property.

¶8 In support of Wife's contention that when husband used retained earnings to pay his business debt, rather than taking those earnings as income and then paying the debt, Husband's interest in the business became a marital asset, she cites no Oklahoma authority. She does cite a case from the state of Maine, *Macdonald v. Macdonald*, 532 A.2d 1046 (Me.1987), which, of course, is only of anecdotal interest and has no persuasive value here. Our own research finds no Oklahoma authority addressing this issue. Although both Husband and his business partner took home annual salaries of $50,000, substantial business profits were distributed to Husband and his partner.[4] Husband's distribution for 2007 was $272,846 and he received like amounts the two previous years. The record is absent any evidence that Husband intentionally diminished his income in order to conceal it from the Wife (or deprive her of its usage) or for any purpose other than legitimate business purposes. We recognize no controlling authority nor any persuasive equitable argument supporting Wife's theory, Thus, we find the trial court's determination not to award Wife an amount attributable to Husband's undistrib-

---

3. A motion to reconsider is the functional equivalent of a motion for new trial. *See Horizons, Inc. v. Keo Leasing Co.*, 1984 OK 24, 681 P.2d 757, 758–759. We review the trial court's denial of such motion for abuse of discretion. *See Robinson v. Okla. Nephrology Assocs., Inc.*, 2007 OK 2, ¶6, 154 P.3d 1250, 1253 (denial of new-trial motion reviewed "for error of a pure question of law or for an abuse of discretion which is arbi-

trary, clearly against the evidence, and manifestly unreasonable").

4. HRP was a "subchapter S" corporation. These entities do not pay income tax. They distribute their net profits to their partners or shareholders who report the income on their personal returns.

uted income equitable and within the trial court's discretion. No error is shown.

■ ¶ 9 Wife alternatively argues the value of HRP was *enhanced* during the marriage and she is entitled to an award of her equitable share of the enhanced value. The record reflects that at the time Husband acquired his interest in HRP, the total purchase price paid by Husband and his partner was $600,000 plus net receivables.[5] Additionally, the record discloses that at various times from 2004, when the company was acquired, until the time of trial in May 2008, the company was valued at $600,000. The record supports the trial court's determination that there was no enhancement in value of the company during the marriage.

¶ 10 From our review of the record and the parties' arguments, the trial court's decision was neither contrary to law nor an abuse of discretion. No reversible error being shown, the trial court's March 12, 2009 order sustaining in part and denying in part Wife's Motion to Reconsider and/or Motion for New Trial is AFFIRMED.

JOPLIN, J., concurs.

KENNETH L. BUETTNER, Judge, dissenting.

¶ 11 In this case, Husband purchased his interest in a sub-S corporation with a downpayment of separate funds and a corporate note. The funds used to pay the corporate note were earnings of the corporation. Those earnings would ordinarily be distributed to the sub-S owners, and would thereby be marital property. As a result, the payments reducing the corporate note and thereby increasing Husband's equity in the business, should be considered payments by the marital estate. Therefore, either the Husband's equity should be considered marital property, or Wife should receive a credit for her half of the payments used to reduce the corporate note used to buy the business.

¶ 12 I respectfully dissent.

---

**5.** Husband testified that the total purchase price was between $700,000 to $750,000.