2014 OK CIV APP 91

**BANK OF AMERICA, N.A.,**
**Plaintiff/Appellee,**

v.

**Jene MORRIS, Defendant/Appellant.**

and

**Tara Morris, Defendant.**

**No. 111843.**

Court of Civil Appeals of Oklahoma,
Division No. 2.

Sept. 24, 2014.

Greg A. Young, Baer, Timberlake, Coulson & Cates, P.C., Oklahoma City, Oklahoma, for Plaintiff/Appellee.

Babette Patton, Breathwit & Patton, P.C., Oklahoma City, Oklahoma, for Defendant/Appellant.

KEITH RAPP, Judge.

¶ 1 The trial court defendant, Jene Morris (Morris), appeals an Order which denied Morris' Motion to Vacate a summary judgment and subsequent foreclosure judgment entered in favor of the plaintiff Bank of America, N.A. (Bank).[1]

## BACKGROUND

¶ 2 Bank brought this action against Morris and Tara Morris (husband and wife), and

---

1. This Court notes that the caption of the Petition–in–Error lists only "Jene Morris" by name. The text of the Petition–in–Error recites that the name of the party filing the Petition–in–Error is "Jene Morris" and the Entry of Appearance by counsel lists only "Jene Morris" as appellant. The Designation of Record was filed by Jene Morris only. However, the appellate brief purports to be filed on behalf of Jene Morris and Tara Morris. In the trial court, both Jene Morris and Tara Morris were defendants and Bank alleged they are husband and wife.

The Rules of the Supreme Court require that the caption designate by name all appellants. 20 O.S.2011, § 3002; Okla. Sup.Ct. Rule 1.25(b), 12 O.S.2011, Ch. 15 App. 2. Form does not rule over substance in evaluating documents filed in this Court. *Bane v. Anderson, Bryant & Co.,* 1989 OK 140, 786 P.2d 1230. However, there is no indication that the Petition–in–Error misnames or inadvertently omits an appellant and this is confirmed by the Entry of Appearance on behalf of Jene Morris only and the Designation of Record on behalf of Jene Morris only.

Therefore, this Court concludes that Tara Morris has not appealed. The judgment is final as to Tara Morris.

others (named Jon Doe and Jane Doe as occupants of the mortgaged premises), to recover on a promissory note (Note) and foreclose a mortgage given as security for the Note. Bank attached a copy of the Note to the petition. The original payee was Quicken Loans, Inc.

¶ 3 The Note shows two endorsements. Neither endorsement is dated. One endorsement is a blank endorsement executed by an individual shown as senior vice-president of Bank. The second endorsement is payable to Bank and executed on behalf of Quicken Loans, Inc. by an individual whose title is "capture manager." In this appeal, Morris does not question execution of the Note and mortgage or the endorsements.

¶ 4 Bank alleged in its verified petition:

That the Plaintiff was entitled to enforce the Note prior to, and is entitled to enforce the Note at and subsequent to the filing of this Petition.

¶ 5 The Record contains a pleading styled "Defendants (sic) Answer." The pleading is signed by Jene Morris, *pro se*.[2] The names of the "defendants" are not given in the body of the pleading. Although there are inconsistencies in the pleading, it does admit ownership of the property and execution of the Note.[3]

¶ 6 Bank moved for summary judgment against all defendants. Among other statements, the summary judgment motion stated that "the plaintiff is the holder of the note." The Petition containing the above allegation, a copy of the Note, and a copy of the mortgage with an assignment were added as exhibits.

¶ 7 Bank's exhibit C to its Motion is an affidavit by one of its officers. Among the averments, the Bank's officer stated:

5. That Bank of America, N.A., directly or through an agent, has possession of the Note and entitled to enforce the Note prior to the filing of the Petition and has remained in possession and entitled to enforce the Note subsequent to the filing of the Petition through the present time. The promissory note has been duly endorsed. Bank of America N.A. is the assignee of the security for the referenced loan.

¶ 8 Neither Morris responded to the Motion for Summary Judgment. The trial court entered an Order granting summary judgment.[4] This order was followed by a final journal entry granting in rem judgment and authorizing foreclosure.

¶ 9 By counsel, Jene and Tara Morris timely filed a Motion to Vacate Judgment. Their basis for the motion focused upon the quoted language in the Bank officer's affidavit that Bank "directly or through an agent, has possession of the Note." They argued that Bank had failed to establish the requisite possession required under *CPT Asset Backed Certificates, Series 2004–EC1 v. Cin Kham and Ngul Liam Cing*, 2012 OK 22, 278 P.3d 586 and *Deutsche Bank v. Brumbaugh*, 2012 OK 3, 270 P.3d 151.

¶ 10 The Bank responded.[5] Bank distinguished the cases, arguing that here the Note was the same instrument at all times and in the cases there were changes over time. Bank further argued that it established possession and the reference to possession by an agent was immaterial to whether it had the required possession. Last, Bank argued that the Motion to Vacate had not provided any evidence that Bank did not have the required possession and the default

2. A *pro se* party cannot represent anyone else. *See Massongill v. McDevitt*, 1989 OK CIV APP 82, ¶ 5, 828 P.2d 438, 439. The Record does not contain a pleading on behalf of Tara Morris, so Tara Morris was in default. However, Bank did not seek a default judgment and proceeded with a Motion for Summary Judgment.

3. For example, ownership of the property is admitted, but the balance of the allegation is denied. The allegation of ownership paragraph has no other allegation.

4. This Order recites a monetary judgment for the balance due on the Note. However, according to Bank's Petition, the debt was discharged in bankruptcy. The final judgment is only *in rem*, thus correcting any possible conflict with the bankruptcy discharge.

5. Bank mistakenly styled its Response as a response to a motion to reconsider. There is no motion to reconsider. *See* Bank's explanation in its Brief at n. 1.

in responding to the summary judgment admitted the possession.

¶ 11 The trial court denied the Motion to Vacate. Jene Morris appeals. The appeal reiterates the contentions presented in the Motion to Vacate.

## STANDARD OF REVIEW

¶ 12 The test for measuring the legal correctness of the trial court's ruling on a motion to vacate or set aside judgment is whether sound discretion was exercised upon sufficient cause shown to vacate, modify, open or correct its earlier decision, or to refuse the relief sought. *Ferguson Enterprises, Inc. v. H. Webb Enterprises, Inc.*, 2000 OK 78, ¶ 5, 13 P.3d 480, 482; *VanNort v. Davis*, 1990 OK CIV APP 95, ¶ 9, 800 P.2d 1082, 1085. An order vacating said judgment will not be disturbed on appeal unless it clearly appears that the trial court has abused that discretion, because a petition to vacate a judgment is addressed to the sound legal discretion of the trial court. *Burroughs v. Bob Martin Corporation*, 1975 OK 80, ¶ 23, 536 P.2d 339, 342–43.

¶ 13 The underlying decision was the summary judgment leading to the foreclosure judgment. Thus, the assessment of the trial court's exercise of discretion in denying the motion to vacate rests on the propriety of the underlying grant of summary judgment. As a result, the abuse-of-discretion question is settled by a *de novo* review of the summary adjudication's correctness. *See Reeds v. Walker*, 2006 OK 43, ¶ 9, 157 P.3d 100, 106–07 (motion for new trial after summary judgment).

## ANALYSIS AND REVIEW

¶ 14 Even though an opposing party does not respond, the trial court must insure that the motion is meritorious. *Spirgis v. Circle K Stores, Inc.*, 1987 OK CIV APP 45, 743 P.2d 682 (approved for publication by Order of the Supreme Court).

¶ 15 The sole issue in this case revolves around whether the Bank officer's affidavit statement about having an agent in possession of the Note precludes summary judgment under the *Deutsche Bank v. Brumbaugh* line of cases. This Court holds that mere possession by an agent is possession by its principal.[6] *Premier Bank v. Cohen–Esrey Properties, Inc.*, 859 F.Supp. 1388, 1396 (D.Kan.1994); *Sauls v. Whitman*, 1935 OK 247, ¶ 14, 42 P.2d 275, 278; *Jackson v. Kincaid*, 1896 OK 72, ¶ 11, 46 P. 587, 590 ("That the possession of the agent is the possession of his principal is too elementary to require the citation of authorities.").

¶ 16 Therefore, the grant of summary judgment was appropriate and without error. Morris presented no other basis for vacating the foreclosure judgment. The trial court's decision refusing to vacate its judgment is affirmed.

¶ 17 **AFFIRMED.**

THORNBRUGH, J., concurs, and FISCHER, P.J., concurs in result.

FISCHER, P.J., concurring in result.

¶ 1 This case presents a procedural issue not previously decided. Three days after the judgment granting the Bank's motion for summary judgment was filed, Morris filed a motion to vacate that judgment. The Bank responded, treating the motion as a motion for new trial. The motion was filed within ten days of the judgment, it seeks reconsideration of the judgment and could, therefore, be treated as a motion for new trial. "A motion seeking reconsideration, re-examination, rehearing or vacation of a judgment . . . which is filed within 10 days of the day such decision was rendered, may be regarded as the functional equivalent of a new trial motion, no matter what its title." *Horizons, Inc. v. Keo Leasing Co.*, 1984 OK 24, ¶ 4, 681 P.2d 757, 759 ("motion to reconsider" filed within ten days of the judgment and seeking reexamination of the judgment was properly treated as a motion for new trial).[1] However-

---

6. Morris' argument is based upon mere possession by an agent. Morris does not even suggest that there is evidence of some legal or contractu-

al aspect of the alleged agency which defeats Bank's possession of the Note as principal.

1. *See Kerr v. Clary*, 2001 OK 90, 37 P.3d 841 (Court of Appeals erred in treating motion filed

er, Morris's motion is clearly denominated as a motion to vacate. The motion cites 12 O.S.2011 §§ 1031(3) and 1031(4) as authority for the motion and argues that the judgment should be vacated because the Bank did not establish that it had possession of Morris's promissory note and was, therefore, a person entitled to enforce the note as required by 12A O.S.2011 § 3–301. Whether this motion is treated as a motion to vacate or as a motion for new trial has consequences.

¶ 2 First, a motion for new trial is limited to the grounds authorized in 12 O.S.2011 § 651.[2] *Schepp v. Hess,* 1989 OK 28, ¶ 9, 770 P.2d 34, 38. The grounds on which a motion to vacate filed within thirty days of the judgment may be predicated are "almost unlimited." *Id.*

¶ 3 Second, a timely motion for new trial extends the time to appeal the underlying judgment, a motion to vacate does not. 12 O.S.2011 § 991(a); Okla. Sup.Ct. R. 1.22, 12 O.S.2011, ch. 15, app. 2; *Stites v. DUIT Constr. Co., Inc.,* 1995 OK 69, ¶ 25, 903 P.2d 293, 302 ("No postjudgment quest for relief-other than one made by a *timely new-trial motion*-will operate to extend the time for appellate review of errors made in a nisi prius judgment or in a final order.")(footnote omitted).

¶ 4 Third, although an abuse of discretion standard of review is used in both instances, the scope of appellate review is different. "In appeals lodged from an adverse order entered in a postjudgment vacation proceeding, errors which may be reviewed are confined to those in granting or denying relief sought upon the grounds advanced and the evidence presented." *Id.* (footnote omitted). The underlying judgment may be reviewed when an appeal is taken from a motion for new trial. "Where, as here, our assessment of the trial court's exercise of discretion in denying defendants a new trial rests on the propriety of the underlying grant of summary judgment, the abuse-of-discretion question is settled by our *de novo* review of the summary adjudication's correctness." *Reeds v. Walker,* 2006 OK 43, ¶ 9, 157 P.3d 100, 107 (footnote omitted). "[I]f the decision on the motion [for new trial] was against the moving party, the moving party may appeal from the judgment ... from the ruling on the motion, or from both." 12 O.S.2011 § 990.2(A); Rule 1.22(c)(2) ("An appeal may be commenced from both the underlying judgment, decree or final order and the order disposing of the post-trial motion.").

¶ 5 Finally, not only are the orders subject to appellate review different, but also the issues that can be raised on appeal are different as well. "If a motion for a new trial be filed and a new trial be denied, the movant may not, on the appeal, raise allegations of error that were available to him at the time of the filing of his motion for a new trial but were not therein asserted." 12 O.S.2011 § 991(b). The Supreme Court has consistently invoked this statute to restrict the appellate issues to those raised in a motion

seven days after appealable order as a motion for new trial, when form and substance of motion required that it be treated as a motion to modify).

2. A new trial is a reexamination in the same court, of an issue of fact or of law or both, after a verdict by a jury, the approval of the report of a referee, or a decision by the court. The former verdict, report, or decision shall be vacated, and a new trial granted, on the application of the party aggrieved, for any of the following causes, affecting materially the substantial rights of the party:
1. Irregularity in the proceedings of the court, jury, referee, or prevailing party, or any order of the court or referee, or abuse of discretion, by which the party was prevented from having a fair trial;
2. Misconduct of the jury or a prevailing party;
3. Accident or surprise, which ordinary prudence could not have guarded against;

4. Excessive or inadequate damages, appearing to have been given under the influence of passion or prejudice;
5. Error in the assessment of the amount of recovery, whether too large or too small, where the action is upon a contract, or for the injury or detention of property;
6. That the verdict, report, or decision is not sustained by sufficient evidence, or is contrary to law;
7. Newly discovered evidence, material for the party applying, which could not, with reasonable diligence, have been discovered and produced at the trial;
8. Error of law occurring at the trial, and objected to by the party making the application; or
9. When, without fault of the complaining party, it becomes impossible to prepare a record for an appeal.

for new trial. *See, e.g., Slagell v. Slagell,* 2000 OK 5, 995 P.2d 1141; *Horizons, Inc. v. Keo Leasing Co.,* 1984 OK 24, 681 P.2d 757; *Federal Corp. v. Indep. Sch. Dist. No. 13 of Pushmataha Cnty.,* 1978 OK CIV APP 55, 606 P.2d 1141 (approved for publication by the Supreme Court). A "motion for new trial ... acts to limit the issues reviewed on appeal to those raised by that motion." *City of Broken Arrow v. Bass Pro Outdoor World, L.L.C.,* 2011 OK 1, ¶ 11, 250 P.3d 305, 311. No similar rule limits the issues that may be raised in an appeal from an order granting or denying a motion to vacate.

¶ 6 Given these differences, I see no reason to usurp a party's decision to choose one of these procedural mechanisms over another.

I do not read *Keo Leasing* as applicable where a party is represented by competent counsel and the record does not show confusion about the pleading options available. I would treat Morris's motion as a motion to vacate. Like the Majority, I find no error in the district court's denial of Morris's motion to vacate. Therefore, I concur in the result reached by the Majority.